IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BRIANNA PARKER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| | § | |
| vs. | § | Civil Action No. 3:15-cv-2528 |
| | § | |
| BILL MELTON TRUCKING, INC., and | § | |
| EDWARD THACKER | § | |
| | § | |
| Defendants. | § | |

## DEFENDANT'S NOTICE OF REMOVAL

Defendant ("Defendant") files this Notice of Removal under 28 U.S.C. § 1446(a) and 28 U.S.C. § 1332(a)(2).

# A.
# INTRODUCTION

Plaintiff is Brianna Parker; Defendants are Bill Melton Trucking, Inc. and Edward Thacker, who has not been served with process as of this date (collectively "Defendants").

On April 22, 2015, Plaintiff sued Defendants on the account of injuries allegedly sustained by Plaintiff on May 22, 2013 as a result of a traffic accident with Defendants.

Plaintiff served Defendant Bill Melton Trucking, Inc. its Summons and Petition, through substituted service on the Secretary of Transportation.  Defendant actually received via certified mail on July 2, 2015, Plaintiff's Petition and Citation, for purposes of effectuating service on Defendant Bill Melton Trucking, Inc., as reflected in the Citation and Officer's Return on file with the 298th Judicial District Court in Dallas

County.  *See* **Exhibit A** attached hereto.  Therefore, July 2, 2015 is the date from which the thirty (30) day window for removal began to run.  28 U.S.C. §1446(b)(1); *see, e.g., Tucci v. Harford Fin.Servs.Grp.*, 600 F.Supp.2d 630, 632-33 (D.N.J.2009) (30-day period begins to run when D actually receives summons and complaint; period does not run from service on D's statutory agent).  As such, Defendant Bill Melton Trucking, Inc., as the only party served and making an appearance, files this Notice of Removal within the 30-day time period required by 28 U.S.C. § 1446(b).  *Bd. Of Regents of Univ. of Tex.Sys. v. Nippon Tel. & Tel.Corp.*, 478 F.3d 274, 278 (5th Cir. 2007).  Defendant Edward Thacker, now deceased, has not yet been served, and, thus, his consent be removed is not required.

---

# B.
# BASIS FOR REMOVAL

---

Removal is proper because this Court possesses diversity jurisdiction over the matter. 28 U.S.C. § 1332(a).  Additionally, Plaintiff has provided an itemization of her past medical expenses allegedly paid or incurred to date of no less than $71,498, which indicates Plaintiff seeks over $75,000, the threshold required for Federal diversity jurisdiction.

Plaintiff states in her Petition that she is a citizen of the State of Texas, which constitutes a judicial admission with respect to Plaintiff's state of residency.  *See* Plaintiff's Original Petition, Section II.  Additionally, Plaintiff judicially admits that unserved Defendant Edward Thacker is a citizen of Arkansas. *See id.*  Finally, Defendant Bill Melton Trucking, Inc. is citizen of Arkansas as an Arkansas Corporation with its

principal place of business located within the state of Arkansas. Plaintiff judicially admits same in her Original Petition. *See id.*

Given that Plaintiff is a citizen of Texas and Defendants are citizens of Arkansas, there is complete diversity among the parties to this suit, and removal based on diversity jurisdiction is proper.

An index of the state court docket and copies of all pleadings, process, orders, and other filings in the state-court suit are attached to the Notice of Removal as required by 28 U.S.C § 1446(a) as **Exhibit B**.

Venue is proper in the U.S. District Court for the Northern District of Texas under 28 U.S.C. § 1441(a) because the state court where the suit has been pending is located in this district.

Defendants have promptly filed a copy of this notice of removal with the clerk of the state court where the suit has been pending.

## C.
## JURY DEMAND

A jury trial has been demanded in state court by Plaintiff.

## D.
## COURT INFORMATION

The address and contact information for the 192nd District Court of Dallas County, Texas is as follows:

298th Judicial District court
Hon. Emily G. Tobolowsky
George L. Allen, Sr. Courts Building
600 Commerce Street
8th Floor New Tower
Dallas, TX 75202
(214) 653-6779 Telephone

# CONCLUSION

Because Bill Melton Trucking, Inc., the only served Defendant in this lawsuit, is a citizen of the state of Arkansas and Plaintiff is a citizen of Texas, complete diversity exists creating diversity jurisdiction under 28 U.S.C. § 1332(a), and venue is proper in the U.S. District Court for the Northern District of Texas under 28 U.S.C. § 1441(a), Defendant Bill Melton Trucking, Inc. asks the Court to remove this suit to the U.S. District Court for the Northern District of Texas, Dallas Division.

Respectfully Submitted,

**THE BASSETT FIRM**

*/s/ Mike H. Bassett*
**MIKE H. BASSETT**
SBN: 01890500
Two Turtle Creek Village
3838 Oak Lawn Avenue, Suite 1300
Dallas, Texas 75219
(214) 219-9900 Telephone
(214) 219-9456 Facsimile
mbassett@thebassettfirm.com

**ATTORNEY FOR DEFENDANT,
BILL MELTON TRUCKING, INC.**

# CERTIFICATE OF SERVICE

I certify that a true copy of this document was forwarded to the following counsel of record on this 30th day of July, 2015, pursuant to the Texas Rules of Civil Procedure:

*Via Via ECF-PACER*
Mr. Nick Pittman
The Pittman Law Firm, P.C.
100 Crescent Court, Ste. 700
Dallas, Texas 75201-2112

*/s/ Mike H. Bassett*
**MIKE H. BASSETT**

JS 44-TXND   (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Brianna Parker

### DEFENDANTS
Bill Melton Trucking, Inc. and Edward Thacker

**(b)** County of Residence of First Listed Plaintiff   Dallas County, TX
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Independence County, AR
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Aubrey "Nick" Pittman - The Pittman Law Firm, P.C.
100 Crescent Court, Suite 700, Dallas, Texas 75201
(214) 459-3454

Attorneys *(If Known)*
Mike H. Bassett - The Bassett Firm
3838 Oak Lawn Avenue, Suite 1300, Dallas, Texas 75219
(214) 219-9900

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government
    Plaintiff

☐ 3  Federal Question
    *(U.S. Government Not a Party)*

☐ 2  U.S. Government
    Defendant

☒ 4  Diversity
    *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY**    **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane   ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product     Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument |     Liability   ☐ 367 Health Care/ | | | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel &     Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 450 Commerce |
|     & Enforcement of Judgment |     Slander     Personal Injury | | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers'     Product Liability | | ☐ 830 Patent | ☐ 470 Racketeer Influenced and |
| ☐ 152 Recovery of Defaulted |     Liability   ☐ 368 Asbestos Personal | | ☐ 840 Trademark |     Corrupt Organizations |
|     Student Loans | ☐ 340 Marine     Injury Product | | | ☐ 480 Consumer Credit |
|     (Excludes Veterans) | ☐ 345 Marine Product     Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment |     Liability   **PERSONAL PROPERTY** | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ |
|     of Veteran's Benefits | ☒ 350 Motor Vehicle   ☐ 370 Other Fraud |     Act | ☐ 862 Black Lung (923) |     Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle   ☐ 371 Truth in Lending | ☐ 720 Labor/Management | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 190 Other Contract |     Product Liability   ☐ 380 Other Personal |     Relations | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal     Property Damage | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 196 Franchise |     Injury   ☐ 385 Property Damage | ☐ 751 Family and Medical | | ☐ 895 Freedom of Information |
| | ☐ 362 Personal Injury -     Product Liability |     Leave Act | |     Act |
| |     Medical Malpractice | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| **REAL PROPERTY** | **CIVIL RIGHTS**   **PRISONER PETITIONS** | ☐ 791 Employee Retirement | ☐ 870 Taxes (U.S. Plaintiff | ☐ 899 Administrative Procedure |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights   **Habeas Corpus:** |     Income Security Act |     or Defendant) |     Act/Review or Appeal of |
| ☐ 220 Foreclosure | ☐ 441 Voting   ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party |     Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment   ☐ 510 Motions to Vacate | |     26 USC 7609 | ☐ 950 Constitutionality of |
| ☐ 240 Torts to Land | ☐ 443 Housing/     Sentence | | |     State Statutes |
| ☐ 245 Tort Product Liability |     Accommodations   ☐ 530 General | | | |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities -   ☐ 535 Death Penalty | **IMMIGRATION** | | |
| |     Employment   **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities -   ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | |
| |     Other   ☐ 550 Civil Rights |     Actions | | |
| | ☐ 448 Education   ☐ 555 Prison Condition | | | |
| |   ☐ 560 Civil Detainee - | | | |
| |     Conditions of | | | |
| |     Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☐ 1 Original
    Proceeding

☒ 2 Removed from
    State Court

☐ 3 Remanded from
    Appellate Court

☐ 4 Reinstated or
    Reopened

☐ 5 Transferred from
    Another District
    *(specify)*

☐ 6 Multidistrict
    Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*
28 USC 1446(a) and 28 USC 1332(a)
Brief description of cause:
Negligence

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION
UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED PENDING OR CLOSED CASE(S)
IF ANY   *(See instructions:)*   JUDGE ___   DOCKET NUMBER ___

DATE
07/30/2015

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

**United States District Court**
**Northern District of Texas**

**Supplemental Civil Cover Sheet For Cases Removed**
**From State Court**

**This form must be attached to the Civil Cover Sheet at the time the case is filed in the U.S. District Clerk's Office.  Additional sheets may be used as necessary.**

1.    **State Court Information:**

Please identify the court from which the case is being removed and specify the number assigned to the case in that court.

| **Court** | **Case Number** |
|---|---|
| 298th Judicial District court<br>George L. Allen, Sr. Courts Building<br>600 Commerce Street<br>8th Floor New Tower<br>Dallas, TX 75202 | DC-15-04560 |

2.    **Style of the Case:**

Please include all Plaintiff(s), Defendant(s), Intervenor(s), Counterclaimant(s), Crossclaimant(s) and Third Party Claimant(s) still remaining in the case and indicate their party type. Also, please list the attorney(s) of record for each party named and include their bar number, firm name, correct mailing address, and phone number (including area code.)

| **Party and Party Type** | **Attorney(s)** |
|---|---|
| Brianna Parker - Plaintiff | Nick Pittman<br>The Pittman Law Firm, P.C.<br>100 Crescent Court, Ste. 700<br>Dallas, Texas 75201-2112 |
| Bill Melton Trucking, Inc. and<br>Edward Thacker - Defendants | Mike H. Bassett - SBN: 01890500<br>The Bassett Firm, Two Turtle Creek Village, 3838 C<br>Dallas, Texas 75219, Tel.: 214-219-9900, Fax: 21-<br>email: efile@thebassettfirm.com |

3.    **Jury Demand:**

Was a Jury Demand made in State Court?          · (Yes)          · No

If "*Yes*," by which party and on what date?

_____Plaintiff_____          _____April 22, 2015_____
Party                                                                    Date

**Supplemental Civil Cover Sheet**
**Page 2**

4.      **Answer:**

Was an Answer made in State Court?          (·  Yes )          ·  No

If "*Yes*," by which party and on what date?

Bill Melton Trucking, Inc.                                     July 10, 2015
Party                                                                   Date

5.      **Unserved Parties:**

The following parties have not been served at the time this case was removed:

| **Party** | **Reason(s) for No Service** |
| --- | --- |
| Defendant, Edward Thacker | Unknown |

6.      **Nonsuited, Dismissed or Terminated Parties:**

Please indicate any changes from the style on the State Court papers and the reason for that change:

| **Party** | **Reason** |
| --- | --- |
| None | |

7.      **Claims of the Parties:**

The filing party submits the following summary of the remaining claims of each party in this litigation:

| **Party** | **Claim(s)** |
| --- | --- |
| Plaintiff | Negligence |

CERT/MAIL COH

CITATION

No.: DC-15-04560-M

BRIANNA PARKER
VS.
BILL MELTON TRUCKING INC, ET AL

ISSUED
ON THIS THE 17TH DAY OF JUNE, 2015

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By SPRINGE MCKINLEY, Deputy

Attorney for : Plaintiff
AUBREY "NICK" PITTMAN
THE PITTMAN LAW FIRM
100 CRESCENT COURT SUITE 700
DALLAS,TEXAS 75201
214-450-3454

DALLAS COUNTY CONSTABLE
FEES PAID
FEES NOT PAID

FORM NO. 353-4—CITATION
THE STATE OF TEXAS

To:    BILL MELTON TRUCKING INC
       BY SERVING CHAIRMAN OF THE STATE HIGHWAY AND
       PUBLIC TRANSPORTATION COMMISSION
       125 E. 11TH STREET
       AUSTIN, TX, 78701-2483

GREETINGS:
You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURES petition, a default judgment may be taken against you.
Your answer should be addressed to the clerk of the 298th District Court
at 600 Commerce Street, Dallas, Texas 75202.

Said PLAINTIFF being BRIANNA PARKER

Filed in said Court 22nd day of April, 2015 against
BILL MELTON TRUCKING INC. AND EDWARD THACKER

For suit, said suit being numbered  DC-15-04560-M  the nature of which demand is as follows:
Suit On  MOTOR VEHICLE ACCIDENT etc.
as shown on said petition    , a copy of which accompanies this citation.  If this citation is not served, it shall be
returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office on this the 17th day of June, 2015
ATTEST: FELICIA PITRE
Clerk of the District Courts of Dallas, County, Texas

By _____, Deputy
                SPRINGE MCKINLEY

EXHIBIT
A

**OFFICER'S RETURN**
**FOR INDIVIDUALS**

Cause No. DC-15-04560

Court No: 298th District Court

Style: BRIANNA PARKER
vs.
BILL MELTON TRUCKING INC, et al

Received this Citation the _____ day of _____, 20____ at _____ o'clock. Executed at _____, within the County of _____, State of _____, on the _____ day of _____, 20____, at _____ o'clock, by delivering to the within named _____ each in person, a copy of this Citation together with the accompanying copy of Plaintiff's original petition, having first indorsed on same the date of delivery.

————————000000————————

**OFFICER'S RETURN**
**FOR CORPORATIONS**

Received this Citation the _17th_ day of _June_ 20_15_ at _2:41_ o'clock _P._ M. Executed at _Denver_, within the County of _Dallas_, State of _Texas_, on the _22nd_ day of _June_ 20_15_ at _7:05_ o'clock _A._ M. by summoning the within named Corporation, _Bill Melton Trucking_ by delivering to _Kendall Zad Attorney State Attorney a Public Comm~~_ President - Vice President - Registered Agent - in person, of the said
_Was mailed certified state certified mail return receipt requested_
a true copy of this citation together with the accompanying copy of Plaintiff's original petition, WAS MAILED UNITED STATES CERTIFIED MAIL RETURN RECEIPT REQUESTED having first indorsed on same the date of delivery.

————————000000————————

The distance actually traveled by me in serving such process was _____ miles and my fee are as follows;
For Serving Citation $ _____   ~~Sheriff~~ Served By: _Kendall Zad_
For Mileage         $ 76.00      County of _____
For Notary          $ _____   State of _____
                    ——————       By _____
Total Fees          $ _____

(Must be verified if served outside the State of Texas)
State of _____
County of _____

day of _____, 20____, to certify which witness my hand and seal of office.

_____ before me this

Signed and sworn to me by the said

Seal

_704-8901-0661-5400.0060.2942.30_

FELICIA PITRE

DISTRICT CLERK
600 COMMERCE STREET
DALLAS, TEXAS 75202-4606

[Stamp:]
FILED
JUN 24 2015
FELICIA PITRE
DIST CLERK DALLAS CO. TEXAS
_____ DEPUTY

State & County of _____


**UNITED STATES**
**POSTAL SERVICE.**

Date: June 22, 2015

MAIL MAIL:

The following is in response to your June 22, 2015 request for delivery information on your Certified Mail™/RRE item number 92148901066154000060291130.  The delivery record shows that this item was delivered on June 22, 2015 at 7:05 am in AUSTIN, TX 78714. The scanned image of the recipient information is provided below.

Signature of Recipient :

*Randall Tod*

RANDALL TOD
TX DEPARTMENT OF TRANSPORTATION

Address of Recipient :

Transportation

Thank you for selecting the Postal Service for your mailing needs.

If you require additional assistance, please contact your local Post Office or postal representative.

Sincerely,
United States Postal Service

The customer reference information shown below is not validated or endorsed by the United States Postal Service.  It is solely for customer use.

DC1504560 -M SM DP
BILL MELTON TRUCKING INC.
SERVING CHAIRMAN OF THE STATE HIGHWAY AND
PUBLIC TRANSPORTATION COMMISSION
125 E 11TH ST
AUSTIN TX 78701-2483

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

RECEIVED
JUL 06 2015
GENERAL COUNSEL

1. Article Addressed to:

41284
Bill Melton Trucking, Inc.
R/A Carolyn Melton
250 Somerset Ln.
Cord, AR 72524

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X Carolyn Melton          ☐ Agent
                          ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery
                                 7-2-15

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:         ☐ No

3. Service Type
   ☑ Certified Mail    ☐ Priority Mail Express™
   ☐ Registered        ☑ Return Receipt for Merchandise
   ☐ Insured Mail      ☐ Collect on Delivery

4. Restricted Delivery? (Extra Fee)              ☐ Yes

2. Article Number
   (Transfer from service label)

7011 0470 0002 1476 9274

Skip to Main Content Logout My Account Search Menu New Civil District Search Refine Search  Back        Location : All District Civil Courts  Images Help

# REGISTER OF ACTIONS
## CASE No. DC-15-04560

| | | |
|---|---|---|
| BRIANNA PARKER vs. BILL MELTON TRUCKING INC, et al | §<br>§<br>§<br>§<br>§ | Case Type: **MOTOR VEHICLE ACCIDENT**<br>Date Filed: **04/22/2015**<br>Location: **298th District Court** |

---

### PARTY INFORMATION

| | | Lead Attorneys |
|---|---|---|
| **DEFENDANT** | **BILL MELTON TRUCKING INC** | **MICHAEL H BASSETT**<br>*Retained*<br>214-219-9900(W) |
| **DEFENDANT** | **THACKER, EDWARD** | |
| **PLAINTIFF** | **PARKER, BRIANNA** | **AUBREY D PITTMAN**<br>*Retained*<br>214-914-2403(W) |

---

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | | | |
|---|---|---|---|
| 04/22/2015 | **NEW CASE FILED (OCA) - CIVIL** | | |
| 04/22/2015 | ORIGINAL PETITION | | |
| | *Plaintiff's Original Petition* | | |
| 04/22/2015 | **ISSUE CITATION** | | |
| 04/29/2015 | CITATION | | |
| | BILL MELTON TRUCKING INC | Unserved | |
| | THACKER, EDWARD | Unserved | |
| 04/30/2015 | CITATION ISSUED | | |
| 06/09/2015 | REQUEST FOR SERVICE | | |
| 06/09/2015 | ISSUE CITATION COMM OF INS OR SOS | | |
| | *PER ATTY HE WILL MAIL THE 25$ CHECK TO COH* | | |
| 06/17/2015 | CITATION SOS/COI/COH/HAG | | |
| | *CMR #9214-8901-0661-5400-0060-2911-30 (COH)* | | |
| | BILL MELTON TRUCKING INC | Served | 06/22/2015 |
| | | Returned | 06/24/2015 |
| 06/17/2015 | **CITATION SOS/COI/COH/HAG** | | |
| | *CMR #9214-8901-0661-5400-0060-2937-45 (COH)* | | |
| | THACKER, EDWARD | Unserved | |
| 06/29/2015 | *CANCELED*  Final Disposition Hearing  (9:00 AM) (Judicial Officer TOBOLOWSKY, EMILY) | | |
| | *BY COURT ADMINISTRATOR* | | |
| 06/29/2015 | CERTIFICATE OF SERVICE | | |
| | *EDWARD THACKER* | | |
| 06/29/2015 | CERTIFICATE OF SERVICE | | |
| | *BILL MELTON TRUCKING INC -- R/A CAROLYN MELTON* | | |
| 07/01/2015 | JURY DEMAND | | |
| 07/01/2015 | RETURN OF SERVICE | | |
| | *RETURN OF SERVICE UPON EDWARD THACKER THRU HIS MOTHER* | | |
| 07/10/2015 | ORIGINAL ANSWER - GENERAL DENIAL | | |
| 04/25/2016 | Jury Trial - Civil  (9:00 AM) (Judicial Officer TOBOLOWSKY, EMILY) | | |

---

### FINANCIAL INFORMATION

| | | | |
|---|---|---|---|
| | **PLAINTIFF PARKER, BRIANNA** | | |
| | Total Financial Assessment | | 545.00 |
| | Total Payments and Credits | | 545.00 |
| | **Balance Due as of 07/30/2015** | | **0.00** |
| 04/24/2015 | Transaction Assessment | | 295.00 |
| 04/24/2015 | CREDIT CARD - TEXFILE  Receipt # 23889-2015-DCLK (DC) | PARKER, BRIANNA | (295.00) |
| 06/09/2015 | Transaction Assessment | | 220.00 |
| 06/09/2015 | CREDIT CARD - TEXFILE  Receipt # 33225-2015-DCLK (DC) | PARKER, BRIANNA | (220.00) |
| 07/01/2015 | Transaction Assessment | | 30.00 |
| 07/01/2015 | CREDIT CARD - TEXFILE  Receipt # 38135-2015-DCLK (DC) | PARKER, BRIANNA | (30.00) |



EXHIBIT
B

FILED
DALLAS COUNTY
4/22/2015 2:37:37 PM
FELICIA PITRE
DISTRICT CLERK

Tonya Pointer

**2-CIT ES**

No. _____     DC-15-04560

| | | |
|---|---|---|
| BRIANNA PARKER, | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiff,* | § | |
| v. | § | |
| | § | DALLAS COUNTY, TEXAS |
| BILL MELTON TRUCKING INC., and | § | |
| EDWARD THACKER, | § | |
| | § | |
| *Defendants.* | § | _____JUDICIAL DISTRICT |

**PLAINTIFF'S ORIGINAL PETITION
AND REQUEST FOR DISCLOSURES**

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW Brianna Parker complaining of Bill Melton Trucking Inc. and Edward Thacker (collectively, "Defendants") and for cause of action would respectfully show the Court as follows:

**I.
DISCOVERY**

1.   *Discovery Control Plan.*  Pursuant to Rule 190.4 of the TEXAS RULES OF CIVIL PROCEDURE, discovery in this case should be conducted under Level 3.  Therefore, Plaintiff respectfully requests that this Court enter an appropriate Scheduling Order so that discovery may be conducted under Level 3.

2.   *Request for Disclosure.* Pursuant to Rule 194 of the TEXAS RULES OF CIVIL PROCEDURE, Plaintiff request that Defendant disclose, within fifty (50) days of service of this request, the information and material described in Rule 194.2 of the TEXAS RULES OF CIVIL PROCEDURE. Plaintiff specifically requests the responding parties to produce responsive documents at the undersigned law offices within fifty (50) days of service of this request.

## II.
### PARTIES

3.      Plaintiff Brianna Parker (Rev. Parker) is an individual who resides in Dallas County, Texas.

4.      Defendant Bill Melton Trucking Inc. ("Melton Trucking") is, upon information and belief, an Arkansas company that may be served by serving its registered agent, Carolyn Melton, 250 Somerset Lane, Cord, AR 72524.

5.      Defendant Edward Thacker ("Thacker") is, upon information and belief, an individual resident of Arkansas who may be served at 112 N. Porter St., Stuttgart, AR 72160.

## III.
### JURISDICTION AND VENUE

6.      Plaintiff affirmatively pleads that this Court has jurisdiction because the amount in controversy exceeds the minimum jurisdictional limits of the Court.  Furthermore, the causes of action asserted in this matter arose in the State of Texas. Therefore, this Court has subject matter and personal jurisdiction over all parties and all claims.

7.      Venue is proper in this Dallas County under the general venue statute, TEX.CIV.PRAC. & REM.CODE § 15.002(a)(1), because all or a substantial part of the events or omissions giving rise to this claim occurred in Dallas County, TX.

## IV.
### FACTUAL ALLEGATIONS

8.      Plaintiff realleges and incorporates by reference the allegations set forth in all preceding paragraphs as if set forth fully and reiterated here in their entirety.

9.      On May 22, 2013, Rev. Parker had just finished visiting with a fellow pastor and was heading back to her church, Friendship West Baptist Church, for bible study.  She and one

of her students were in Rev. Parker's Pontiac Sunfire, traveling southbound on Interstate Highway 35E ("IH-35E") near Interstate Highway 30 ("IH-30").

10.     In the lane adjacent to the lane in which Rev. Parker's automobile was traveling was a Freightliner tractor (the "Melton Tractor") that Thacker was driving, upon information and belief, on behalf of Melton Trucking. Alternatively, Melton Trucking operated as a lessor, having leased the tractor-trailer to Thacker.

11.     At the time of the collision, Thacker was traveling southbound on IH-35E near the intersection at IH-30.

12.     The Melton Tractor was towing a flatbed trailer that had three (3) large forklifts loaded upon the trailer. Upon information and belief, Melton Trucking was towing the forklifts throughout Texas and Arkansas and was engaged in interstate commerce.

13.     When the Melton Tractor and flatbed attempted to pass under the IH-30 overpass, the load was loose and stacked too high.  These facts, as well as Thacker's speed, caused the forklifts to strike the IH-30 overpass. This overpass, upon information and belief, is approximately 14.7 feet high.

14.     The Melton Tractor and flatbed rolled over onto its right side into the center right lane.  These forces caused the load to become further unfastened and led to the tractor and trailer drifting into the lane that was occupied by Rev. Parker's automobile.

15.     The driver, Thacker, was unable to rebalance the trailer, which led to the load toppling onto Rev. Parker's automobile.

16.     The Melton Tractor, flatbed trailer and the forklifts also completely rolled over onto the freeway.

**PLAINTIFF'S ORIGINAL PETITION** – Page 3

17.     The violent impact of the tractor-trailer and the massive forklifts upon Rev. Parker's automobile caused her vehicle eventually to collide with another vehicle on the roadway before Rev. Parker's Sunfire came to a final rest.

18.     Rev. Parker was rendered momentarily unconscious as a result of the incident. Her automobile was eventually rendered totaled.

19.     Since that day, Rev. Parker has had to undergo medical and psychological treatment, all stemming from this collision.

## V.
### CAUSES OF ACTION

**Count I:   Negligence, Negligence per se, Strict Liability and Gross Negligence**

20.     Plaintiff realleges and incorporates by reference the allegations set forth in all preceding paragraphs as if set forth fully and reiterated here in their entirety.

21.     Defendants had a duty to Rev. Parker to provide a safely designed and manufactured product.

22.     Defendants also had a duty to warn consumers of the true nature of the defective design of the Defendants' products.

23.     Defendants had a duty to operate a safe tractor and trailer on the highways where the flatbed's load was towed.

24.     At the time of the loading of the cargo, neither Defendant inspected the load's height or tested the adequacy of the load straps when they decided jointly to tow the loaded flatbed from Arkansas throughout Texas. At the time Thacker picked up the trailer, Defendants knew or should have known that the tractor, trailer, and load had not passed inspection that is required by state and federal regulations including, but not limited to, 49 CFR §396.

25.     Upon information and belief, Thacker also failed to maintain an assured clear distance between his tractor-trailer and other vehicles on the road; failed to keep a proper lookout; failed to avoid an overpass that could not accommodate his load; and failed to maintain safe instrumentalities on the roadways.  These actions contributed to the cause of the collision.

26.     While at the scene of the collision, Thacker was cited for having an "oversized vehicle or load."

27.     Upon information and belief, Defendants did not have or implement a safety prevention program to ensure compliance with state and federal regulations including, but not limited to, Section 385 of the FMCSR Safety Provisions.  Such a policy could have prevented Thacker from operating the tractor and trailer on the highways.

28.     The tractor, flatbed trailer and load were defectively designed and/or maintained so as to render them unreasonably dangerous.  This was a substantial factor in bringing about an injury during the collision, and without which the injury would not have occurred.

29.     As a lessor of the trailer, Melton Trucking is strictly liable for installing and/or maintaining the inadequate tractor, flatbed trailer and load, and placing these devices into the stream of commerce.

30.     In addition to the above, by their actions and omissions, Defendants also breached their duty and were negligent, grossly negligent and/or acted with malice in at least the following regards:

     a.     Using improper tie-down devices and other conduct, all in violation of state and federal regulations including, but not limited to, sections 393.100 through 393.136 of the Federal Motor Carrier Safety Regulations;

     b.     Failing to ensure that the tractor, flatbed trailer and load were situated "and maintained" in compliance with the requirements of state and federal regulations including, but not limited to, 49 CFR §393.86. The regulations provide that "every motor carrier, and its officers, agents, drivers,

representatives, and employees directly concerned with the installation and maintenance of equipment and accessories" must comply with the safety requirements and specifications outlined therein;

c.     Failing to observe clearly visible warning sign concerning the low structure, failing to take opportunity to detour low structure, and failing to take any evasive action to avoid striking the overhead structure, all in violation of state and federal regulations;

d.     Failure to ensure that the tractor, flatbed trailer and load had been properly and timely inspected as required by state and federal regulations including, but not limited to, 49 CFR §396.17 and §396.21;

e.     Violation of the general duty under state and federal regulations including, but not limited to, 49 CFR §396.3, of a trucking company to maintain its vehicles and trailers in good working order, to maintain repair records and inspection reports, and to make periodic inspections of each vehicle and trailer;

f.     Failure to properly inspect the tractor, flatbed trailer and load before placing the objects on the highway, as required by state and federal regulations including, but not limited to, CFR §396.13;

g.     Driving a tractor and flatbed with a load that was illegally secured and unsafe to drive under state and federal regulations or standards including, but not limited to, Sections 2 and 3 of the Commercial Motor Vehicle Handbook;

h.     Negligently servicing, repairing, installing and/or maintaining the tractor, flatbed trailer and load;

i.     Failure to properly maintain and service the tractor, flatbed trailer and load;

j.     Failing to adequately train Thacker how to test for a defective tractor, flatbed trailer and load and failing to warn Thacker of the dangers of operating the trailer without ensuring the adequacy of the straps and other devices securing the load;

k.     Failing to exercise reasonable care to discover the dangerous condition or character of the tractor, flatbed trailer and load before allowing the trailer to be used on the roadways;

l.     Failing to warn consumers of the unreasonably dangerous nature of the tractor, flatbed trailer and load;

m.     Entrusting the tractor, flatbed trailer and load to Thacker, an incompetent or reckless driver, whom the owner knew or should have known was

                        unlicensed, incompetent, or reckless, and whose negligence on the day of the collision was one of the proximate causes of the collision;

n.      Driving (and permitting employee to drive) at a high rate of speed under the conditions; and

o.      Failing to exercise that degree of care that other drivers would have exercised in maintaining an assured clear distance between vehicles, keeping a proper lookout, stopping safely and/or operating a dangerous instrumentality on the roadways.

31.     Defendants' conduct and/or omissions identified above constitute a breach of their duties owed by statutory provision, common law and other authorities, the breach of which proximately caused damages.

32.     Defendants' conduct described above constitutes strict liability, negligence, gross negligence, recklessness, and/or intentional misconduct.

### Count II:   Infliction of Emotional Distress and Mental Anguish

33.     Plaintiff realleges and incorporates by reference the allegations set forth in all preceding paragraphs as if set forth fully and reiterated here in their entirety.

34.     In addition to Plaintiff's physical pain and suffering, Defendants' breach of duty directly and proximately caused Plaintiff to suffer significant psychological difficulties including, but not limited to, psychological distress, depression, anxiety, back depression inventory and PTSD.   She has been prescribed psychotropic medications and is undergoing treatment.

35.     Defendants knew or should have known Defendants' conduct involved an unreasonable risk of causing emotional distress to Plaintiff.   Defendants' conduct caused Plaintiff to suffer medically diagnosable and significant emotional distress.

**PLAINTIFF'S ORIGINAL PETITION** – **Page 7**

36.     Defendants' acts and omissions also demonstrated a conscious disregard for Plaintiff's emotional well-being and safety, as well as the emotional well-being and safety of other travelers on the roadways where Defendants' tractor-trailer traveled.

**Count III:   Vicarious Liability**

37.     Plaintiff realleges and incorporates by reference the allegations set forth in all preceding paragraphs as if set forth fully and reiterated here in their entirety.

38.     Both Melton Trucking and Thacker are vicariously liable for the negligent inspection and negligent operation of the tractor and trailer to the extent this negligence occurred in Thacker's course of employment with Melton Trucking and/or when the trailer was under lease to or from Melton Trucking. Upon information and belief, Thacker was acting (e.g. operating the tractor and trailer) within the general authority given to him by Melton Trucking, in furtherance of its business and for the accomplishment of the object for which he was employed.

**Count IV:   Spoliation**

39.     Plaintiff realleges and incorporates by reference the allegations set forth in all preceding paragraphs as if set forth fully and reiterated here in their entirety.

40.     The collision involved the Melton tractor, the flatbed trailer, the forklifts on the flatbed, and all mechanisms that were used to secure the load. Accordingly, each of these items was material to the ensuing litigation, and should have been preserved. Similarly, all repair, maintenance, and loading documentation should have been preserved. Shortly after the collision, by way of letter from Plaintiff's counsel, both Defendants were informed of their duty to preserve evidence in this matter. Despite knowing of the importance of preserving relevant evidence, Defendants, upon information and belief, conspired to conceal valuable evidence, some of which has now been lost, modified, or intentionally misplaced. Plaintiff was never provided with access to these items.

**PLAINTIFF'S ORIGINAL PETITION – Page 8**

41.     An inspection of these items would have revealed that the tractor, trailer and load were improperly designed, and/or dangerously loaded while in Defendants' possession, and Defendants knew or should have known of the inadequacy Defendants' load securement process.

42.     These facts surrounding the collision establish that (a) there was a duty to preserve evidence; (b) Defendants negligently or intentionally (collectively) spoliated the Melton tractor, the flatbed trailer, the forklifts that were on the flatbed, and all mechanisms that were used to secure the load, as well as related design, repair/replacement records; and (c) Defendants' spoliation has prejudiced Plaintiff's ability to present her case.

**Count IV:  Damages**

43.     Plaintiff realleges and incorporates by reference the allegations set forth in all preceding paragraphs as if set forth fully and reiterated here in their entirety.

44.     Defendants' acts and/or omissions were a proximate cause of the following injuries suffered by Plaintiff, for which Plaintiff seeks recovery through this Petition:

   a.     Actual damages;

   b.     Lost wages;

   c.     Past, present, and future medical expenses for physical, emotional and mental health;

   d.     Diminished earning power or earning capacity in the past and in the future;

   e.     Damages awarded for the purpose of compensating Plaintiff for physical pain and suffering, mental or emotional pain or anguish, loss of consortium, physical impairment, loss of companionship and society, inconvenience, loss of enjoyment of life, injury to reputation, and all other nonpecuniary losses of any kind in the past and the future;

   f.     All other damages naturally and/or incidentally flowing from Defendants' conduct and/or omissions;

   g.     Exemplary and punitive damages as well as reasonable attorneys' fees and costs of court;

   h.     Prejudgment interest; and

   i.     Post judgment interest.

**PLAINTIFF'S ORIGINAL PETITION – Page 9**

45.     Plaintiff seeks unliquidated damages in an amount that is within the jurisdictional limits of the court.

**Count V:   Exemplary Damages**

46.     Plaintiff realleges and incorporates by reference the allegations set forth in all preceding paragraphs as if set forth fully and reiterated here in their entirety.

47.     Punitive damages are warranted against Defendants for blatantly ignoring safety provisions of the FMSCR and other federal and state laws, as well as ignoring industry research establishing the inadequacy of the load securement devices, the result of which led to this tragic collision. Defendants should not have allowed the defective or inadequate instrumentalities to have been placed on the highways. This and other conduct constitutes gross negligence, for which exemplary or punitive damages should be awarded.

48.     Plaintiff, therefore, seeks exemplary damages for injuries caused by Defendants' gross negligence under Texas Civil Practice & Remedies Code section 41.003(a)(3), as defined by Section 41.001(11).  Plaintiff also seeks exemplary damages as a result of Defendants' willful acts or omissions or gross neglect, as provided in Texas Constitution and Texas Civil Practice & Remedies Code. Finally, Plaintiff seeks exemplary damages under any and all other statutes, acts, or law providing for such damages.

**Count VI:   Attorneys' Fees**

49.     Plaintiff realleges and incorporates by reference the allegations set forth in all preceding paragraphs as if set forth fully and reiterated here in their entirety.

50.     As a result of Defendants' acts and omissions, Plaintiff has retained counsel and seeks reimbursement for reasonable attorney fees, as authorized by applicable law and in equity.

## JURY DEMAND

51.     Plaintiff demands a trial by jury as to all claims and all issues properly triable thereby.

## PRAYER

Wherefore, Premises Considered, Plaintiff prays that Defendants be cited to appear and answer herein and, upon final trial hereof, that Plaintiff have and recover from Defendants all allowable damages, exemplary damages, pre and post-judgment interest, costs of court, attorney's fees, and such other and further relief, both general and special, at law and in equity, to which they may be justly entitled.

Respectfully Submitted,

/s/ Aubrey "Nick" Pittman
AUBREY "NICK" PITTMAN
State Bar No. 16049750

**THE PITTMAN LAW FIRM, P.C.**
100 Crescent Court, Suite 700
Dallas, Texas 75201-2112
214-459-3454
214-853-5912 – fax
pittman@thepittmanlawfirm.com

FORM NO. 353-3 - CITATION
## THE STATE OF TEXAS

To:

**BILL MELTON TRUCKING INC
BY SERVING ITS REGISTERED AGENT CAROLYN MELTON
250 SOMERSET LANE
CORD AR 72524**

GREETINGS:

You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty  days after you were served this citation and  petition, a default judgment may be taken against you.  Your answer should be addressed to the clerk of the **298th District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **BRIANNA PARKER**

Filed in said Court **22nd day of April, 2015** against

**BILL MELTON TRUCKING INC AND EDWARD THACKER,**

For Suit, said suit being numbered **DC-15-04560**, the nature of which demand is as follows:
Suit on **MOTOR VEHICLE ACCIDENT** etc. as shown on said petition **REQ FOR DISCLOSURE**, a copy of which accompanies this citation.  If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 29th day of April, 2015.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By _____, Deputy
/s/ Carmen Moorer
        CARMEN MOORER

---

**ESERVE**

## CITATION

## DC-15-04560

**BRIANNA PARKER
vs.
BILL MELTON TRUCKING INC,
et al**

ISSUED THIS
**29th day of April, 2015**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By: CARMEN MOORER, Deputy

**Attorney for Plaintiff
AUBREY D PITTMAN**
PITTMAN@THEPITTMANLAWFIRM.COM
100CRESCENT COURT SUITE 700
DALLAS       TX 75201
214-459-3454

## DALLAS COUNTY
## SERVICE FEES
## NOT PAID



# OFFICER'S RETURN

Case No. : DC-15-04560

Court No.298th District Court

Style: BRIANNA PARKER

vs.

BILL MELTON TRUCKING INC, et al

Came to hand on the _____ day of _____, 20 ____ at _____ o'clock _____ .M. on the _____ o'clock _____ .M. Executed at _____

within the County of _____ day of _____

20 ____, by delivering to the within named _____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery. The distance actually traveled by

me in serving such process was _____ miles and my fees are as follows:  To certify which witness my hand.

For serving Citation    $ _____

For mileage    $ _____    of _____ County, _____

For Notary    $ _____    By _____ Deputy

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said _____ before me this _____ day of _____, 20 ____,

to certify which witness my hand and seal of office.

_____ Notary Public _____ County _____

# FORM NO. 353-3 - CITATION
## THE STATE OF TEXAS

To:

**EDWARD THACKER**
**112 N. PORTER ST.**
**STUTTGART AR 72160**

GREETINGS:

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. Your answer should be addressed to the clerk of the **298th District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **BRIANNA PARKER**

Filed in said Court **22nd day of April, 2015** against

**BILL MELTON TRUCKING INC AND EDWARD THACKER,**

For Suit, said suit being numbered **DC-15-04560**, the nature of which demand is as follows: Suit on **MOTOR VEHICLE ACCIDENT** etc. as shown on said petition **REQ FOR DISCLOSURE**, a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 29th day of April, 2015.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By _____, Deputy

     /s/ Carmen Moorer

By     **CARMEN MOORER**



---

**ESERVE**

## CITATION

## DC-15-04560

**BRIANNA PARKER**
vs.
**BILL MELTON TRUCKING INC,**
**et al**

ISSUED THIS
**29th day of April, 2015**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By: CARMEN MOORER, Deputy

**Attorney for Plaintiff**
AUBREY D PITTMAN
PITTMAN@THEPITTMANLAWFIRM.COM
100 CRESCENT COURT SUITE 700
DALLAS          TX 75201
214-459-3454

**DALLAS COUNTY**
**SERVICE FEES**
**NOT PAID**

# OFFICER'S RETURN

Case No. : DC-15-04560

Court No.298th District Court

Style: BRIANNA PARKER

vs.

BILL MELTON TRUCKING INC, et al

Came to hand on the _____ day of _____, 20 ____, at _____ o'clock _____.M. on the _____ o'clock _____.M. Executed at _____

within the County of _____, day of _____

20 _____, by delivering to the within named _____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery. The distance actually traveled by

me in serving such process was _____ miles and my fees are as follows:   To certify which witness my hand.

For serving Citation     $ _____

For mileage              $ _____          of _____ County, _____

For Notary               $ _____          By _____ Deputy

                         (Must be verified if served outside the State of Texas.)

Signed and sworn to by the said _____ before me this _____ day of _____, 20 ____,

to certify which witness my hand and seal of office.

_____

Notary Public_____ County_____

FILED
DALLAS COUNTY
6/22/2015 2:45:07 PM
FELICIA PITRE
DISTRICT CLERK

Tonya Pointer

No. DC-15-04560
No. _____

| | | |
|---|---|---|
| **BRIANNA PARKER,** | § | **IN THE DISTRICT COURT** |
| | § | |
| *Plaintiff,* | § | |
| v. | § | |
| | § | **DALLAS COUNTY, TEXAS** |
| **BILL MELTON TRUCKING INC., and** | § | |
| **EDWARD THACKER,** | § | |
| | § | |
| *Defendants.* | § | _____ **JUDICIAL DISTRICT** |

### PLAINTIFF'S ORIGINAL PETITION
### AND REQUEST FOR DISCLOSURES

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW Brianna Parker complaining of Bill Melton Trucking Inc. and Edward Thacker (collectively, "Defendants") and for cause of action would respectfully show the Court as follows:

**I.**
**DISCOVERY**

1.    *Discovery Control Plan.*  Pursuant to Rule 190.4 of the TEXAS RULES OF CIVIL PROCEDURE, discovery in this case should be conducted under Level 3.   Therefore, Plaintiff respectfully requests that this Court enter an appropriate Scheduling Order so that discovery may be conducted under Level 3.

2.    *Request for Disclosure.* Pursuant to Rule 194 of the TEXAS RULES OF CIVIL PROCEDURE, Plaintiff request that Defendant disclose, within fifty (50) days of service of this request, the information and material described in Rule 194.2 of the TEXAS RULES OF CIVIL PROCEDURE. Plaintiff specifically requests the responding parties to produce responsive documents at the undersigned law offices within fifty (50) days of service of this request.

**II.**
**PARTIES**

3.       Plaintiff Brianna Parker (Rev. Parker) is an individual who resides in Dallas County, Texas.

4.       Defendant Bill Melton Trucking Inc. ("Melton Trucking") is, upon information and belief, an Arkansas company that may be served by serving its registered agent, Carolyn Melton, 250 Somerset Lane, Cord, AR 72524.

5.       Defendant Edward Thacker ("Thacker") is, upon information and belief, an individual resident of Arkansas who may be served at 112 N. Porter St., Stuttgart, AR 72160.

**III.**
**JURISDICTION AND VENUE**

6.       Plaintiff affirmatively pleads that this Court has jurisdiction because the amount in controversy exceeds the minimum jurisdictional limits of the Court.  Furthermore, the causes of action asserted in this matter arose in the State of Texas. Therefore, this Court has subject matter and personal jurisdiction over all parties and all claims.

7.       Venue is proper in this Dallas County under the general venue statute, TEX.CIV.PRAC. & REM.CODE § 15.002(a)(1), because all or a substantial part of the events or omissions giving rise to this claim occurred in Dallas County, TX.

**IV.**
**FACTUAL ALLEGATIONS**

8.       Plaintiff realleges and incorporates by reference the allegations set forth in all preceding paragraphs as if set forth fully and reiterated here in their entirety.

9.       On May 22, 2013, Rev. Parker had just finished visiting with a fellow pastor and was heading back to her church, Friendship West Baptist Church, for bible study.  She and one

PLAINTIFF'S ORIGINAL PETITION – Page 2

of her students were in Rev. Parker's Pontiac Sunfire, traveling southbound on Interstate Highway 35E ("IH-35E") near Interstate Highway 30 ("IH-30").

10.     In the lane adjacent to the lane in which Rev. Parker's automobile was traveling was a Freightliner tractor (the "Melton Tractor") that Thacker was driving, upon information and belief, on behalf of Melton Trucking. Alternatively, Melton Trucking operated as a lessor, having leased the tractor-trailer to Thacker.

11.     At the time of the collision, Thacker was traveling southbound on IH-35E near the intersection at IH-30.

12.     The Melton Tractor was towing a flatbed trailer that had three (3) large forklifts loaded upon the trailer. Upon information and belief, Melton Trucking was towing the forklifts throughout Texas and Arkansas and was engaged in interstate commerce.

13.     When the Melton Tractor and flatbed attempted to pass under the IH-30 overpass, the load was loose and stacked too high.  These facts, as well as Thacker's speed, caused the forklifts to strike the IH-30 overpass. This overpass, upon information and belief, is approximately 14.7 feet high.

14.     The Melton Tractor and flatbed rolled over onto its right side into the center right lane.  These forces caused the load to become further unfastened and led to the tractor and trailer drifting into the lane that was occupied by Rev. Parker's automobile.

15.     The driver, Thacker, was unable to rebalance the trailer, which led to the load toppling onto Rev. Parker's automobile.

16.     The Melton Tractor, flatbed trailer and the forklifts also completely rolled over onto the freeway.

**PLAINTIFF'S ORIGINAL PETITION** – **Page 3**

17.     The violent impact of the tractor-trailer and the massive forklifts upon Rev. Parker's automobile caused her vehicle eventually to collide with another vehicle on the roadway before Rev. Parker's Sunfire came to a final rest.

18.     Rev. Parker was rendered momentarily unconscious as a result of the incident. Her automobile was eventually rendered totaled.

19.     Since that day, Rev. Parker has had to undergo medical and psychological treatment, all stemming from this collision.

## V.
### CAUSES OF ACTION

**Count I:   Negligence, Negligence per se, Strict Liability and Gross Negligence**

20.     Plaintiff realleges and incorporates by reference the allegations set forth in all preceding paragraphs as if set forth fully and reiterated here in their entirety.

21.     Defendants had a duty to Rev. Parker to provide a safely designed and manufactured product.

22.     Defendants also had a duty to warn consumers of the true nature of the defective design of the Defendants' products.

23.     Defendants had a duty to operate a safe tractor and trailer on the highways where the flatbed's load was towed.

24.     At the time of the loading of the cargo, neither Defendant inspected the load's height or tested the adequacy of the load straps when they decided jointly to tow the loaded flatbed from Arkansas throughout Texas. At the time Thacker picked up the trailer, Defendants knew or should have known that the tractor, trailer, and load had not passed inspection that is required by state and federal regulations including, but not limited to, 49 CFR §396.

**PLAINTIFF'S ORIGINAL PETITION – Page 4**

25.     Upon information and belief, Thacker also failed to maintain an assured clear distance between his tractor-trailer and other vehicles on the road; failed to keep a proper lookout; failed to avoid an overpass that could not accommodate his load; and failed to maintain safe instrumentalities on the roadways.  These actions contributed to the cause of the collision.

26.     While at the scene of the collision, Thacker was cited for having an "oversized vehicle or load."

27.     Upon information and belief, Defendants did not have or implement a safety prevention program to ensure compliance with state and federal regulations including, but not limited to, Section 385 of the FMCSR Safety Provisions.  Such a policy could have prevented Thacker from operating the tractor and trailer on the highways.

28.     The tractor, flatbed trailer and load were defectively designed and/or maintained so as to render them unreasonably dangerous.  This was a substantial factor in bringing about an injury during the collision, and without which the injury would not have occurred.

29.     As a lessor of the trailer, Melton Trucking is strictly liable for installing and/or maintaining the inadequate tractor, flatbed trailer and load, and placing these devices into the stream of commerce.

30.     In addition to the above, by their actions and omissions, Defendants also breached their duty and were negligent, grossly negligent and/or acted with malice in at least the following regards:

   a.    Using improper tie-down devices and other conduct, all in violation of state and federal regulations including, but not limited to, sections 393.100 through 393.136 of the Federal Motor Carrier Safety Regulations;

   b.    Failing to ensure that the tractor, flatbed trailer and load were situated "and maintained" in compliance with the requirements of state and federal regulations including, but not limited to, 49 CFR §393.86. The regulations provide that "every motor carrier, and its officers, agents, drivers,

representatives, and employees directly concerned with the installation and maintenance of equipment and accessories" must comply with the safety requirements and specifications outlined therein;

c.      Failing to observe clearly visible warning sign concerning the low structure, failing to take opportunity to detour low structure, and failing to take any evasive action to avoid striking the overhead structure, all in violation of state and federal regulations;

d.      Failure to ensure that the tractor, flatbed trailer and load had been properly and timely inspected as required by state and federal regulations including, but not limited to, 49 CFR §396.17 and §396.21;

e.      Violation of the general duty under state and federal regulations including, but not limited to, 49 CFR §396.3, of a trucking company to maintain its vehicles and trailers in good working order, to maintain repair records and inspection reports, and to make periodic inspections of each vehicle and trailer;

f.      Failure to properly inspect the tractor, flatbed trailer and load before placing the objects on the highway, as required by state and federal regulations including, but not limited to, CFR §396.13;

g.      Driving a tractor and flatbed with a load that was illegally secured and unsafe to drive under state and federal regulations or standards including, but not limited to, Sections 2 and 3 of the Commercial Motor Vehicle Handbook;

h.      Negligently servicing, repairing, installing and/or maintaining the tractor, flatbed trailer and load;

i.      Failure to properly maintain and service the tractor, flatbed trailer and load;

j.      Failing to adequately train Thacker how to test for a defective tractor, flatbed trailer and load and failing to warn Thacker of the dangers of operating the trailer without ensuring the adequacy of the straps and other devices securing the load;

k.      Failing to exercise reasonable care to discover the dangerous condition or character of the tractor, flatbed trailer and load before allowing the trailer to be used on the roadways;

l.      Failing to warn consumers of the unreasonably dangerous nature of the tractor, flatbed trailer and load;

m.      Entrusting the tractor, flatbed trailer and load to Thacker, an incompetent or reckless driver, whom the owner knew or should have known was

        unlicensed, incompetent, or reckless, and whose negligence on the day of the collision was one of the proximate causes of the collision;

n.    Driving (and permitting employee to drive) at a high rate of speed under the conditions; and

o.    Failing to exercise that degree of care that other drivers would have exercised in maintaining an assured clear distance between vehicles, keeping a proper lookout, stopping safely and/or operating a dangerous instrumentality on the roadways.

31.    Defendants' conduct and/or omissions identified above constitute a breach of their duties owed by statutory provision, common law and other authorities, the breach of which proximately caused damages.

32.    Defendants' conduct described above constitutes strict liability, negligence, gross negligence, recklessness, and/or intentional misconduct.

### Count II: Infliction of Emotional Distress and Mental Anguish

33.    Plaintiff realleges and incorporates by reference the allegations set forth in all preceding paragraphs as if set forth fully and reiterated here in their entirety.

34.    In addition to Plaintiff's physical pain and suffering, Defendants' breach of duty directly and proximately caused Plaintiff to suffer significant psychological difficulties including, but not limited to, psychological distress, depression, anxiety, back depression inventory and PTSD. She has been prescribed psychotropic medications and is undergoing treatment.

35.    Defendants knew or should have known Defendants' conduct involved an unreasonable risk of causing emotional distress to Plaintiff. Defendants' conduct caused Plaintiff to suffer medically diagnosable and significant emotional distress.

36.     Defendants' acts and omissions also demonstrated a conscious disregard for Plaintiff's emotional well-being and safety, as well as the emotional well-being and safety of other travelers on the roadways where Defendants' tractor-trailer traveled.

**Count III:   Vicarious Liability**

37.     Plaintiff realleges and incorporates by reference the allegations set forth in all preceding paragraphs as if set forth fully and reiterated here in their entirety.

38.     Both Melton Trucking and Thacker are vicariously liable for the negligent inspection and negligent operation of the tractor and trailer to the extent this negligence occurred in Thacker's course of employment with Melton Trucking and/or when the trailer was under lease to or from Melton Trucking. Upon information and belief, Thacker was acting (e.g. operating the tractor and trailer) within the general authority given to him by Melton Trucking, in furtherance of its business and for the accomplishment of the object for which he was employed.

**Count IV:   Spoliation**

39.     Plaintiff realleges and incorporates by reference the allegations set forth in all preceding paragraphs as if set forth fully and reiterated here in their entirety.

40.     The collision involved the Melton tractor, the flatbed trailer, the forklifts on the flatbed, and all mechanisms that were used to secure the load. Accordingly, each of these items was material to the ensuing litigation, and should have been preserved. Similarly, all repair, maintenance, and loading documentation should have been preserved. Shortly after the collision, by way of letter from Plaintiff's counsel, both Defendants were informed of their duty to preserve evidence in this matter. Despite knowing of the importance of preserving relevant evidence, Defendants, upon information and belief, conspired to conceal valuable evidence, some of which has now been lost, modified, or intentionally misplaced. Plaintiff was never provided with access to these items.

<u>**PLAINTIFF'S ORIGINAL PETITION**</u> – **Page 8**

41.    An inspection of these items would have revealed that the tractor, trailer and load were improperly designed, and/or dangerously loaded while in Defendants' possession, and Defendants knew or should have known of the inadequacy Defendants' load securement process.

42.    These facts surrounding the collision establish that (a) there was a duty to preserve evidence; (b) Defendants negligently or intentionally (collectively) spoliated the Melton tractor, the flatbed trailer, the forklifts that were on the flatbed, and all mechanisms that were used to secure the load, as well as related design, repair/replacement records; and (c) Defendants' spoliation has prejudiced Plaintiff's ability to present her case.

**Count IV:  Damages**

43.    Plaintiff realleges and incorporates by reference the allegations set forth in all preceding paragraphs as if set forth fully and reiterated here in their entirety.

44.    Defendants' acts and/or omissions were a proximate cause of the following injuries suffered by Plaintiff, for which Plaintiff seeks recovery through this Petition:

a.    Actual damages;

b.    Lost wages;

c.    Past, present, and future medical expenses for physical, emotional and mental health;

d.    Diminished earning power or earning capacity in the past and in the future;

e.    Damages awarded for the purpose of compensating Plaintiff for physical pain and suffering, mental or emotional pain or anguish, loss of consortium, physical impairment, loss of companionship and society, inconvenience, loss of enjoyment of life, injury to reputation, and all other nonpecuniary losses of any kind in the past and the future;

f.    All other damages naturally and/or incidentally flowing from Defendants' conduct and/or omissions;

g.    Exemplary and punitive damages as well as reasonable attorneys' fees and costs of court;

h.    Prejudgment interest; and

i.    Post judgment interest.

**PLAINTIFF'S ORIGINAL PETITION – Page 9**

45.     Plaintiff seeks unliquidated damages in an amount that is within the jurisdictional limits of the court.

**Count V:   Exemplary Damages**

46.     Plaintiff realleges and incorporates by reference the allegations set forth in all preceding paragraphs as if set forth fully and reiterated here in their entirety.

47.     Punitive damages are warranted against Defendants for blatantly ignoring safety provisions of the FMSCR and other federal and state laws, as well as ignoring industry research establishing the inadequacy of the load securement devices, the result of which led to this tragic collision. Defendants should not have allowed the defective or inadequate instrumentalities to have been placed on the highways. This and other conduct constitutes gross negligence, for which exemplary or punitive damages should be awarded.

48.     Plaintiff, therefore, seeks exemplary damages for injuries caused by Defendants' gross negligence under Texas Civil Practice & Remedies Code section 41.003(a)(3), as defined by Section 41.001(11).  Plaintiff also seeks exemplary damages as a result of Defendants' willful acts or omissions or gross neglect, as provided in Texas Constitution and Texas Civil Practice & Remedies Code. Finally, Plaintiff seeks exemplary damages under any and all other statutes, acts, or law providing for such damages.

**Count VI:   Attorneys' Fees**

49.     Plaintiff realleges and incorporates by reference the allegations set forth in all preceding paragraphs as if set forth fully and reiterated here in their entirety.

50.     As a result of Defendants' acts and omissions, Plaintiff has retained counsel and seeks reimbursement for reasonable attorney fees, as authorized by applicable law and in equity.

**JURY DEMAND**

51.     Plaintiff demands a trial by jury as to all claims and all issues properly triable thereby.

**PRAYER**

Wherefore, Premises Considered, Plaintiff prays that Defendants be cited to appear and answer herein and, upon final trial hereof, that Plaintiff have and recover from Defendants all allowable damages, exemplary damages, pre and post-judgment interest, costs of court, attorney's fees, and such other and further relief, both general and special, at law and in equity, to which they may be justly entitled.

Respectfully Submitted,

/s/ Aubrey "Nick" Pittman
AUBREY "NICK" PITTMAN
State Bar No. 16049750

**THE PITTMAN LAW FIRM, P.C.**
100 Crescent Court, Suite 700
Dallas, Texas 75201-2112
214-459-3454
214-853-5912 – fax
pittman@thepittmanlawfirm.com

FORM NO. 353-4—CITATION
~~THE STATE OF TEXAS~~

To:   BILL MELTON TRUCKING INC
      BY SERVING CHAIRMAN OF THE STATE HIGHWAY AND
      PUBLIC TRANSPORTATION COMMISSION
      125 E. 11TH STREET
      AUSTIN, TX, 78701-2483

GREETINGS:
You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with   the
clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you
were served this citation and **PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURES**
petition, a default judgment may be taken against you.
   Your answer should be addressed to the clerk of the **298th District Court**
at 600 Commerce Street, Dallas, Texas 75202.

Said **PLAINTIFF** being **BRIANNA PARKER**

Filed in said Court 22nd day of April, 2015 against
**BILL MELTON TRUCKING INC.  AND EDWARD THACKER**

For suit, said suit being numbered   **DC-15-04560-M**  the nature of which demand is as follows:
Suit On **MOTOR VEHICLE ACCIDENT** etc.
as shown on said petition    , a copy of which accompanies this citation.  If this citation is not served, it shall be
returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
   Given under my hand and the Seal of said Court at office **on this the 17th day of June, 2015**
ATTEST: FELICIA PITRE
Clerk of the District Courts of Dallas, County, Texas

                              By _____, Deputy
                                       SPRINGE MCKINLEY

---

**CERT/MAIL COH**

**CITATION**

No.: DC-15-04560-M

BRIANNA PARKER
VS.
BILL MELTON TRUCKING INC, ET AL

ISSUED
ON THIS THE 17TH DAY OF JUNE, 2015

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By SPRINGE MCKINLEY, Deputy

Attorney for : Plaintiff
AUBREY "NICK" PITTMAN
THE PITTMAN LAW FIRM
100 CRESCENT COURT SUITE 700
DALLAS,TEXAS 75201
214-459-3454

DALLAS COUNTY CONSTABLE
FEES PAID   FEES NOT PAID

Cause No. DC-15-04560

Court No: 298th District Court

Style: BRIANNA PARKER
vs.
BILL MELTON TRUCKING INC. et al

**OFFICER'S RETURN
FOR INDIVIDUALS**

Received this Citation the _____ day of _____, 20 ___ at _____ o'clock. Executed at _____, within the County of _____, State of _____, on the _____ day of _____, 20 ___, at _____ o'clock, by delivering to the within named _____ each in person, a copy of this Citation together with the accompanying copy of Plaintiff's original petition, having first indorsed on same the date of delivery.

----------000000----------

**OFFICER'S RETURN
FOR CORPORATIONS**

Received this Citation the _17th_ day of _June_, 20 _15_ at _2:47_ o'clock _P_.M. Executed at _____, within the County of _____, State of _____, on the _____ day of _____, 20 ___, at _____ o'clock _____.M. by summoning the within named Corporation, _____ by delivering to _____ President - Vice President - Registered Agent - in person, of the said _____ a true copy of this citation together with the accompanying copy of Plaintiff's original petition, WAS MAILED UNITED STATES CERTIFIED MAIL RETURN RECEIPT REQUESTED having first indorsed on same the date of delivery.

----------000000----------

The distance actually traveled by me in serving such process was _____ miles and my fees are as follows:

| | | |
|---|---|---|
| For Serving Citation | $ _76.00_ | Sheriff _____ |
| For Mileage | $ _____ | County of _____ |
| For Notary | $ _____ | State of _____ |
| Total Fees | $ _____ | By _____ |

(Must be verified if served outside the State of Texas)
State of _____
County of _____
Signed and sworn to me by the said _____ before me this _____ day of _____, 20 ___, to certify which witness my hand and seal of office.

To certify which witness by my hand.

_____

State & County of

_7044-8901-0644-5400,0060-0294-3 0_

Seal

FORM NO. 353-4—CITATION

~~THE STATE OF TEXAS~~

To:   EDWARD THACKER
      BY SERVING CHAIRMAN OF THE STATE HIGHWAY AND
      PUBLIC TRANSPORTATION COMMISSION
      125 E. 11TH STREET
      AUSTIN, TX, 78701-2483

GREETINGS:

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with   the
clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you
were served this citation and PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURES
petition, a default judgment may be taken against you.
Your answer should be addressed to the clerk of the 298th District Court
at 600 Commerce Street, Dallas, Texas 75202.

Said PLAINTIFF being BRIANNA PARKER

Filed in said Court 22nd day of April, 2015 against
BILL MELTON TRUCKING INC.  AND EDWARD THACKER

For suit, said suit being numbered  DC-15-04560-M  the nature of which demand is as follows:
Suit On  MOTOR VEHICLE ACCIDENT etc.
as shown on said petition      , a copy of which accompanies this citation.  If this citation is not served, it shall be
returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office **on this the 17th day of June, 2015**
ATTEST: FELICIA PITRE
Clerk of the District Courts of Dallas, County Texas

By _____, Deputy
      SPRINGE MCKINLEY

---

CERT/MAIL COH

CITATION

No.: DC-15-04560-M

BRIANNA PARKER
VS.
BILL MELTON TRUCKING INC, ET AL.

ISSUED
ON THIS THE 17TH DAY OF JUNE, 2015

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By **SPRINGE MCKINLEY**, Deputy

Attorney for : Plaintiff
AUBREY "NICK" PITTMAN
THE PITTMAN LAW FIRM
100 CRESCENT COURT SUITE 700
DALLAS,TEXAS 75201
214-459-3454



DALLAS COUNTY CONSTABLE

Cause No. DC-15-04560

Court No: 298th District Court

Style: BRIANNA PARKER
vs.
BILL MELTON TRUCKING INC, et al

**OFFICER'S RETURN
FOR INDIVIDUALS**

Received this Citation the _____ day of _____, 20____ at _____ o'clock. Executed at _____, within the County of _____, State of _____, on the _____ day of _____, 20____ at _____ o'clock, by delivering to the within named _____ each in person, a copy of this Citation together with the accompanying copy of Plaintiff's original petition, having first indorsed on same the date of delivery.

--------000000--------

**OFFICER'S RETURN
FOR CORPORATIONS**

Received this Citation the _17 th_ day of _June_, 20_15_ at _2:43_ o'clock _P_ M. Executed at _____, within the County of _____, State of _____, on the _____ day of _____, 20____, at _____ o'clock _____ M. by summoning the within named Corporation, _____ by delivering to _____ President - Vice President - Registered Agent - in person, of the said

a true copy of this citation together with the accompanying copy of Plaintiff's original petition, WAS MAILED UNITED STATES CERTIFIED MAIL RETURN RECEIPT REQUESTED having first indorsed on same the date of delivery.

--------000000--------

The distance actually traveled by me in serving such process was _____ miles and my fees are as follows:

For Serving Citation   $ _76.00_      _____ Sheriff
For Mileage            $ _____      County of _____
For Notary             $ _____      State of _____
Total Fees             $ _____      By _____

To certify which witness by my hand.

(Must be verified if served outside the State of Texas)
State of _____
County of _____
Signed and sworn to me by the said _____ before me this _____ day of _____, 20____, to certify which witness my hand and seal of office.

Seal

_72-14-8901-0661-5400-0060-2913.3 8_

State & County of _____

# FORM NO. 353-3 - CITATION
## THE STATE OF TEXAS

To:   **SOUTHERN VANGUARD INSURANCE CCOMPANY**
      **5525 LBJ FREEWAY**
      **DALLAS, TEXAS 75240**

GREETINGS:
You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty  days after you were served this citation and  petition, a default judgment may be taken against you.  Your answer should be addressed to the clerk of the **95th District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being OSCAR BONILLA

Filed in said Court **8th day of June, 2015** against

**SOUTHERN VANGUARD INSURANCE COMPANY**

For Suit, said suit being numbered **DC-15-06710--D** the nature of which demand is as follows:
Suit on **CNTR CNSMR COM DEBT** etc. as shown on said petition ,
a copy of which accompanies this citation.  If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 17th day of June, 2015.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By:_____Deputy
        SPRINGE MCKINLEY

---



### ATTY

# CITATION

## DC-15-06710-D

**OSCAR BONILLA, et al**
vs.
**SOUTHERN VANGUARD
INSURANCE COMPANY**

ISSUED THIS
**17th day of June, 2015**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By: SPRINGE MCKINLEY, Deputy

**Attorney for Plaintiff**
TYLER M. BLEAU
THE LAW OFFICE OF FARREN
SMITH PLLC
26619 INTERSTATE 45 SOUTH
THE WOODLANDS, TEXAS 77380
713-861-0015

# OFFICER'S RETURN

Case No. : DC-15-06710

Court No.95th District Court

Style: OSCAR BONILLA, et al

vs.

SOUTHERN VANGUARD INSURANCE COMPANY

Came to hand on the _____ day of _____, 20 _____, at _____ o'clock _____.M. Executed at _____

within the County of _____ at _____ o'clock _____.M. on the _____ day of _____

20 _____, by delivering to the within named _____

_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery. The distance actually traveled by

me in serving such process was _____ miles and my fees are as follows:   To certify which witness my hand.

For serving Citation        $ _____

For mileage                 $ _____        of _____ County, _____

For Notary                  $ _____        By _____ Deputy

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said _____ day of _____, 20 _____

to certify which witness my hand and seal of office.

_____

Notary Public _____ County

**Texas Department of Transportation**

125 EAST 11TH STREET | AUSTIN, TEXAS 78701-2483 | (512) 463-8630 | WWW.TXDOT.GOV

June 25, 2015

Edward Thacker
112 N. Porter St.
Stuttgart, AR 72160

Re:   OGC No. 41285
      Cause No. DC-15-04560-M
      Dallas County
      Plaintiff: Brianna Parker
      Defendant: Edward Thacker

Mr. Thacker:

In compliance with the Texas long-arm statute, Texas Civil Practice and Remedies Code, Chapter 17, Subchapter D, the Chair of the Texas Transportation Commission was duly served with the enclosed Citation and Plaintiff's Original Petition and Request for Disclosures on June 23, 2015.

This agency's only role in the process is to serve as an out-of-state defendant's agent for service of process. We are unable to answer any questions or respond to correspondence regarding this lawsuit. All questions or concerns should be addressed to the attorney noted below.

Office of General Counsel

Enclosures

cc:   Aubrey "Nick" Pittman
      Attorney at Law
      100 Crescent Court, Suite 700
      Dallas, TX 75201
      Telephone (214) 459 3454

U.S. Certified Mail No. 7011 0470 0002 1476 9281
Return Receipt Requested



**Texas Department of Transportation**

125 EAST 11TH STREET | AUSTIN, TEXAS 78701-2483 | (512) 463-8630 | WWW.TXDOT.GOV

June 25, 2015

Bill Melton Trucking, Inc.
R/A Carolyn Melton
250 Somerset Ln.
Cord, AR 72524

Re:   OGC No. 41284
       Cause No. DC-15-04560-M
       Dallas County
       Plaintiff:  Brianna Parker
       Defendant:  Bill Melton Trucking, Inc. R/A Carolyn Melton

Ms. Melton:

In compliance with the Texas long-arm statute, Texas Civil Practice and Remedies Code, Chapter 17, Subchapter D, the Chair of the Texas Transportation Commission was duly served with the enclosed Citation and Plaintiff's Original Petition and Request for Disclosures on June 23, 2015.

This agency's only role in the process is to serve as an out-of-state defendant's agent for service of process.  We are unable to answer any questions or respond to correspondence regarding this lawsuit.  All questions or concerns should be addressed to the attorney noted below.

Office of General Counsel

Enclosures

cc:   Aubrey "Nick" Pittman
       Attorney at Law
       100 Crescent Court, Suite 700
       Dallas, TX 75201
       Telephone (214) 459 3454

U.S. Certified Mail No. 7011 0470 0002 1476 9274
Return Receipt Requested

FILED
DALLAS COUNTY
7/1/2015 11:15:22 AM
FELICIA PITRE
DISTRICT CLERK

Christi Underwood

No. 15-04560

| | | |
|---|---|---|
| **BRIANNA PARKER,** | § | **IN THE DISTRICT COURT** |
| | § | |
| *Plaintiff,* | § | |
| **v.** | § | |
| | § | **DALLAS COUNTY, TEXAS** |
| **BILL MELTON TRUCKING INC., and** | § | |
| **EDWARD THACKER,** | § | |
| | § | |
| *Defendants.* | § | **298th JUDICIAL DISTRICT** |

## PLAINTIFF'S JURY DEMAND

COMES NOW Plaintiff Brianna Parker, requesting a trial by jury and tendering the required jury fee pursuant to Rule 216 of the Texas Rules of Civil Procedure.

Respectfully Submitted,

/s/ Aubrey "Nick" Pittman
AUBREY "NICK" PITTMAN
State Bar No. 16049750

**THE PITTMAN LAW FIRM, P.C.**
100 Crescent Court, Suite 700
Dallas, Texas 75201-2112
214-459-3454
214-853-5912 – fax
pittman@thepittmanlawfirm.com

### CERTIFICATE OF SERVICE

I hereby certify that on July 1, 2015, the foregoing pleading was filed with the Dallas County District Clerk, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to all attorneys of record, if any, who have consented in writing to accept this Notice as service of documents by electronic means.

 

 

 

_/s/ Aubrey "Nick" Pittman_____
AUBREY "NICK" PITTMAN

**PLAINTIFF'S ORIGINAL PETITION – Page 2**

FILED
DALLAS COUNTY
7/1/2015 10:55:41 AM
FELICIA PITRE
DISTRICT CLERK

Dianne Coffey

# OFFICER'S RETURN

Case No.: DC-15-04560

Court No. 29**th** District Court

Style: BRIANNA PARKER

vs.

BILL MELTON TRUCKING INC., et al

Came to hand on the ___20th___ day of ___May___, 20___15___ at ___12:00___ o'clock ___P___ .M. Executed at 112 N Porter St.

within the County of ___Arkansas___ at ___8:13___ o'clock ___P___ .M. on the ___24th___ day of ___June___

20___15___, by delivering to the within named ___the Mother of Edward Tracker, whom refused___

___to accept service, so papers were placed on front porch at her feet.___

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery. The distance actually traveled by

me in serving such process was _____ miles and my fees are as follows:   To certify which witness my hand.

For serving Citation   $ _____

For mileage   $ _____                              _____ of _____ County, _____

For Notary   $ _____                              By _____ Deputy

Signed and sworn to by the said ___Tosha R Anderson___ before me this ___24th___ day of ___June___, 20___15___.

(Must be verified if served outside the State of Texas.)

___M. L. Blair___

Notary Public ___Tosha R Anderson, Lonoke___

to certify which witness my hand and seal of office.



CAUSE NUMBER DC-15-04560

| | | |
|---|---|---|
| BRIANNA PARKER, | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| Plaintiff, | § | |
| | § | 298th JUDICIAL DISTRICT |
| vs. | § | |
| | § | |
| | § | |
| BILL MELTON TRUCKING INC., and | § | DALLAS COUNTY, TEXAS |
| EDWARD THACKER, | § | |
| | § | |
| Defendants | § | |

# DEFENDANT BILL MELTON TRUCKING INC.'S ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL PETITION

COMES NOW, Defendant, BILL MELTON TRUCKING INC., and files this, its Original Answer to Plaintiff's Original Petition, and respectfully shows the Court as follows:

# I.
# GENERAL DENIAL

1.     Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant generally denies each and every allegation of Plaintiff's pleadings and demands that Plaintiff prove his allegations by a preponderance of the evidence.

# II.
# AFFIRMATIVE DEFENSES

2.     Pleading further, Defendant asserts that the Plaintiff's recovery, if any, is barred entirely, or should be reduced by the comparative responsibility of the Plaintiff and/or third parties.

---

3.      Further answering, if the same be necessary, Defendant contends that the allegations made the basis of the claims and alleged damages, if any, of Plaintiff were caused by acts and/or omissions of persons or third parties over whom this Defendant had no control, and for whom this Defendant is not in law responsible.   Such acts and/or omissions were the sole proximate cause or a proximate cause or a producing cause of the occurrence in question and the alleged damages, if any.

4.      Pleading further, Defendant asserts that the Plaintiff's alleged injuries and damages, if any, were not proximately caused by an act or omission of Defendant.

5.      Pleading further, Defendant asserts that the Plaintiff's claims are barred because Defendant's conduct is not the producing cause, proximate cause, or a cause-in-fact of Plaintiff's alleged damages.

6.      Pleading further, Defendant invokes §41.0105 of the TEXAS CIVIL PRACTICE AND REMEDIES CODE and requests that to the extent Plaintiff seeks recovery of medical or healthcare expenses, the evidence to prove such loss be limited to the amount actually paid or incurred by or on behalf of the Plaintiff, as opposed to the amount charged.

7.      Pleading further, Defendant alleges that the percentage responsibilities of the Plaintiff, each Defendant, each settling person, and each Responsible Third Party should, be submitted to the jury for determination pursuant to the TEXAS CIVIL PRACTICE AND REMEDIES CODE.

8.      Pleading further, if the Defendant is found liable for damages, Defendant intends to seek a reduction in the percentage of Plaintiff's injuries and damages attributed to third parties.

9.     Pleading further, Defendant asserts that pre-judgment interest, if any, as requested in the Plaintiff's Original Petition, is limited in accordance with §304.104 *et seq.* of the TEXAS FINANCE CODE.

10.    Defendant asserts Plaintiff's damages sought were caused by Plaintiff's pre-existing injury and/or condition as well as Plaintiff's subsequent accidents and injuries.

11.    Pleading further, and in the alternative, if such is necessary, and subject to the foregoing pleas and without waiving same, Plaintiff has failed to mitigate her damages because the Plaintiff and/or her attorneys paid or agreed to pay medical expenses incurred by the Plaintiff through a "Letter of Protection" and/or a contractual agreement tied to the outcome of this suit and failed to make challenges to the reasonableness of any of those charges or negotiate a reduced rate from the healthcare providers.  Further, Plaintiff's failure to obtain private health insurance and submit her medical bills and expenses for injuries alleged related to the incident in question is a violation of federal law and the Affordable Care Act's individual insurance mandage. Such steps would have been done by any reasonable third-party payor under these circumstances, and the Plaintiff has instead paid and/or agreed to pay full charges for any and all medical services rendered in an effort to enhance the recovery of medical and healthcare expenses under Texas Civil Practice and Remedies Code Section 41.0105. Therefore, Plaintiff has increased her damages rather than take the reasonable steps to ensure the reasonableness and necessity of the charges incurred and mitigate her economic damages.

# PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant, BILL MELTON TRUCKING INC., prays that upon the final trial hereof Plaintiff takes nothing against Defendants. Further, Defendant asks the Court to enter Judgment that Plaintiff takes nothing, dismiss Plaintiff's suit with prejudice, assess costs against Plaintiff, and award Defendant all other relief to which it is entitled. Further, Defendant prays as alleged hereinabove that, in the unlikely event that any recovery by Plaintiff against it herein, which is denied, Defendant be allowed full benefit of all laws of Texas limiting damages as well any prohibitions and/or limitations allowed under the Texas Constitution in the event Plaintiff seeks exemplary damages. Defendant also prays for such other and further relief to which he is justly entitled at law and in equity.

Respectfully Submitted,

THE BASSETT FIRM

MIKE H. BASSETT
SBN: 01890500
Two Turtle Creek Village
3838 Oak Lawn Avenue, Suite 1300
Dallas, Texas 75219
(214) 219-9900 Telephone
(214) 219-9456 Facsimile
efile@thebassettfirm.com

**ATTORNEY FOR DEFENDANT,
BILL MELTON TRUCKING INC.**

## CERTIFICATE OF SERVICE

I certify that a true copy of this document was forwarded to the following counsel of record on this ____ day of July, 2015, pursuant to the Texas Rules of Civil Procedure:

*Via eFile Texas eServe*
Mr. Nick Pittman
The Pittman Law Firm, P.C.
100 Crescent Court, Ste. 700
Dallas, Texas 75201-2112

**MIKE H. BASSETT**