UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| BRIANNA PARKER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO. |
| VS. ) | |
| ) | 3:15-CV-2528-G |
| BILL MELTON TRUCKING, INC, ) | |
| ET AL., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Before the court is the motion of the plaintiff, Brianna Parker ("Rev. Parker"), to remand this case to the state court from which it was previously removed (docket entry 4). For the reasons set forth below, the motion is denied.

## I. BACKGROUND

This case arises out of a motor vehicle accident in Dallas County, Texas. *See* Plaintiff's Original Petition ("Petition") ¶¶ 7-17, *attached to* Defendants' Notice of Removal ("Notice") (docket entry 1). On May 22, 2013, Rev. Parker was driving her automobile under the Interstate Highway 30 overpass in Dallas, Texas when three forklifts toppled onto her vehicle. *Id.* ¶¶ 12-14. The forklifts were being towed on a flatbed trailer behind a Freightliner tractor that was driven by defendant Edward

Thacker ("Thacker") on behalf of Bill Melton Trucking Inc. ("Melton Trucking"). *Id.* ¶¶ 10, 12.

On April 22, 2015, Rev. Parker filed this suit against Melton Trucking and Thacker in the 298th Judicial District Court of Dallas County, Texas, to recover damages resulting from the collision. *See* Notice at 1. On July 30, 2015, the defendants removed the case to this court on the basis of diversity of citizenship. *Id.* at 2-3. On August 5, 2015, Rev. Parker moved to remand this case to the state court, arguing that removal was improper because Thacker did not consent to removal. *See* Plaintiff Brianna Parker's Motion to Remand and Brief in Support ("Motion") at 3-6 (docket entry 4). Rev. Parker does not dispute that the amount in controversy exceeds $75,000 or that diversity of citizenship exists. *See generally* Motion. Therefore, the only issue before the court is whether the defendant Edward Thacker consented to removal.

## II. ANALYSIS

### A. Legal Standard for Remand

Title 28 U.S.C. § 1441(a) permits removal of "any civil action brought in a State Court of which the district courts of the United States have original jurisdiction." Under this statute, "[a] defendant may remove a state court action to federal court only if the action could have originally been filed in the federal court." *Aaron v. National Union Fire Insurance Company of Pittsburg, Pennsylvania*, 876 F.2d

1157, 1160 (5th Cir. 1989), *cert. denied*, 493 U.S. 1074 (1990).  Removal jurisdiction must be strictly construed, however, because it "implicates important federalism concerns."  *Frank v. Bear Stearns & Co.*, 128 F.3d 919, 922 (5th Cir. 1997); see also *Willy v. Coastal Corporation*, 855 F.2d 1160, 1164 (5th Cir. 1988).  Furthermore, "any doubts concerning removal must be resolved against removal and in favor of remanding the case back to state court."  *Cross v. Bankers Multiple Line Insurance Company*, 810 F. Supp. 748, 750 (N.D. Tex. 1992) (Means, J.); *Healy v. Ratta*, 292 U.S. 263, 270 (1934).  The burden of establishing federal jurisdiction is on the party seeking removal.  *Frank*, 128 F.3d at 921-22; *Willy*, 855 F.2d at 1164.

There are two principal bases upon which a district court may exercise removal jurisdiction:  (1) the existence of a federal question and (2) complete diversity of citizenship among the parties.  *See* 28 U.S.C. §§ 1331, 1332.  The court can properly exercise jurisdiction on the basis of diversity of citizenship if the parties are of completely diverse citizenship and the case involves an amount in controversy of at least $75,000.  *See* 28 U.S.C. § 1332(a).

Typically, whether an action should be remanded to state court must be resolved by reference to the plaintiff's pleading at the time of removal.  *State of Texas v. Alliance Employee Leasing Corporation*, 797 F. Supp. 542, 544 (N.D. Tex. 1992) (Solis, J.).  If the court can make this determination by reference to the plaintiff's

complaint alone, the court need not go further. *Id.* However, should a district court need to go beyond the pleadings to assess the propriety of removal, it may do so. *Id.*

As a general rule, claims filed in state court against multiple defendants cannot be removed to federal court unless all defendants consent to the removal. *Farias v. Bexar County Board of Trustees for Mental Health Mental Retardation Services*, 925 F.2d 866, 871 (5th Cir. 1991), *cert. denied*, 502 U.S. 866 (1991). This unanimous consent rule is applicable in cases of diversity of citizenship jurisdiction as well as cases of federal question jurisdiction. *Id.* There are, however, several exceptions to the unanimity rule. Removing defendants need not obtain consent from nominal or unnecessary defendants, see *Farias*, 925 F.2d at 871, or from defendants who have not been served at the time of removal, see *Jones v. Houston Independent School District*, 979 F.2d 1004, 1007 (5th Cir. 1992).

### B. Application of Law to the Present Dispute

Here, the removing defendant, Melton Trucking, alleges that Thacker's consent was not required because Thacker was not properly served at the time of removal. *See* Defendant's Response to Motion to Remand and Brief in Support ("Response") at 6-10.

#### 1. *Consent of Removing Parties*

Although Melton Trucking argues that Thacker's consent is not required because he has not been properly served, the court does not reach this issue. Texas

courts have concluded that a deceased individual is not a proper party to a suit and cannot be joined if the suit is filed after his or her death.[*] *Adamson v. Blackmar*, 546 S.W.2d 698, 703 (Tex. Civ. App.--Austin 1977, no writ) (quoting *M.T. Jones Lumber Co. v. Rhoades*, 17 Tex. Civ. App. 665, 675, 41 S.W. 102, 105 (Galveston 1897, writ ref'd)); *Baker v. Stephenson*, 174 S.W. 970, 971 (Tex. Civ. App.--San Antonio 1915, no writ). Under Texas law, the procedural remedy of *scire facias* allows a suit to continue against the deceased individual's administrator, executor, or heir after a suggestion of death has been entered into the record. TEX. R. CIV. P. 152. However, *scire facias* has not been issued in this case for an administrator, executor, or heir to appear and defend the lawsuit on behalf of Thacker, and Thacker himself is not a proper party because he is deceased. See *Futrell v. State & County Mutual Insurance Company*, No. 05:95-CV-01052, 1996 WL 479555, at *4 (Tex. App.--Dallas Aug. 19, 1996, no writ); *Adamson*, 546 S.W.2d at 703.

Therefore, his consent is not needed to remove the case to federal court. See *Breitling v. LNV Corporation*, 86 F. Supp. 3d 564, 570 (N.D. Tex. 2015) (Lynn, J.); *Adamson*, 546 S.W.2d at 703. Because complete diversity exists between the parties, and the amount in controversy is greater than $75,000, this case was properly removed to federal court. *See* 28 U.S.C. § 1332(a).

---

[*] The defendants are citizens of Arkansas. Arkansas law also provides that a deceased individual is not a proper party to a suit. *Null v. Easley*, No. 4:09-CV-0296-Y, 2009 WL 3853765, at *2 (N.D. Tex. Nov. 18, 2009) (Means, J.).

2.  *Timeliness of Removal*

Since Melton Trucking is a nonresident of Texas and the suit grew out of a motor vehicle collision in Texas, service of process was made on upon the Chair of the Texas Transportation Commission as the agent for service of process for Melton Trucking.  TEX. CIV. PRAC. & REM. CODE ANN. § 17.062 (West 1985).  Both parties agree that Melton Trucking first received a copy of the Citation and Original Petition on July 2, 2015.  Motion at 2; Response at 2.  Because the timeline for removal begins to run with actual receipt by the defendant, Melton Trucking, and not with the receipt by the statutory agent, the case was properly removed within the 30 day removal window.  *Baum v. Avado Brands, Inc.*, No. 3:99-CV-0700-G, 1999 WL 1034757, at *2 (N.D. Tex. Nov. 12, 1999) (Fish, J.) (citing *Kurtz v. Harris*, 245 F. Supp. 752, 754 (S.D. Tex. 1965)).

III.  CONCLUSION

For the reasons stated above, the plaintiff's motion to remand is **DENIED**. Both parties' claims for attorneys' fees are **DENIED**.

**SO ORDERED**.

October 9, 2015.

_____
**A. JOE FISH**
**Senior United States District Judge**