UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

BRIANNA PARKER,                          )
                                         )
              Plaintiff,                 )
                                         )        CIVIL ACTION NO.
VS.                                      )
                                         )        3:15-CV-2528-G
BILL MELTON TRUCKING, INC.,              )
ET AL.,                                  )
                                         )
              Defendants.                )

MEMORANDUM OPINION AND ORDER

Before the court is the plaintiff's unopposed motion to substitute party and

suggestion of death (docket entry 10).  For the reasons set forth below, the motion is

denied.

I.  The Plaintiff's Unopposed Motion to Substitute
Party and Suggestion of Death

In this motion, the plaintiff Brianna Parker ("Rev. Parker") suggests the death

of Edward Thacker ("Thacker"), named as a defendant in this case after he was dead.

Next, she requests that this court follow Texas Civil Rule of Procedure 152, which

would require the clerk of court to issue *scire facias* for the administrator, executor, or

heir(s) of Thacker to appear and defend the suit.  Finally, she requests that the court

substitute Thacker out of the suit and implies that Thacker's mother, upon whom

service had been attempted while the case was in the state court, should be

substituted in his place.

However, Texas Rule of Civil Procedure 152 does not control this case now

that it has been removed to federal court.  *See* FED. R. CIV. P. 81(c)(1).  Also, Federal

Rule of Civil Procedure 25 is inapplicable here because Thacker died before Rev.

Parker commenced this suit.  Federal Rule of Civil Procedure 25 applies to a situation

where a party to the suit dies during the course of the litigation.  See *Andrews v.*

*Lakeshore Rehabilitation Hospital*, 140 F.3d 1405, 1407 (11th Cir. 1998) (holding that

FED. R. CIV. P. 25, as it relates to transfers in interest, did not apply where the

transfer in interest occurred before the litigation began); *Raytheon Company v. ITT*

*Corporation*, No. 4:11-CV-800, 2013 WL 5450414, at *2 (E.D. Tex. Sept. 30, 2013)

(accord).  Here, Thacker died before the litigation commenced and thus was

misjoined as a party to this case.  Therefore, Federal Rule of Civil Procedure 21, not

Federal Rule of Civil Procedure 25, governs the court's resolution of this procedural

misjoinder.

II. <u>Federal Rule of Civil Procedure 21 - Misjoinder</u>

This case was removed from a Texas state court on the basis of diversity of

citizenship (docket entry 1).  The plaintiff, Rev. Parker, filed a motion to remand the

case to the state court on the ground that the defendant, Bill Melton Trucking, Inc.

("Melton Trucking"), failed to obtain the consent of the individual defendant,

Edward Thacker, before the case was removed to this court (docket entry 4). On

October 9, 2015, the court denied Rev. Parker's motion to remand the case back to

the state court, holding that Thacker was not properly a party to the dispute because

he had died before the suit was commenced (docket entry 9).

Rev. Parker named Thacker as a defendant in her state court petition. *See*

Exhibit B, Notice of Removal with Jury Demand. Thacker, however, was deceased,

and thus lacked the capacity under Texas law to be sued. *Adamson v. Blackmar*, 546

S.W.2d 698, 703 (Tex. Civ. App.--Austin 1977, no writ) (quoting *M.T. Jones Lumber*

*Co. v. Rhoades*, 17 Tex. Civ. App. 665, 675, 41 S.W. 102, 105 (Galveston 1897, writ

ref'd)); *Baker v. Stephenson*, 174 S.W. 970, 971 (Tex. Civ. App.--San Antonio 1915,

no writ). Nonetheless, Thacker remains listed in the case and on the docket sheet as

a defendant. *See* Docket Sheet No. 3:15-CV-2528-G.

The Federal Rules of Civil Procedure "apply to a civil action after it is removed

from a state court." FED. R. CIV. P. 81(c)(1); *Bush v. Allstate Insurance Company*, 425

F.2d 393, 395 n.4 (5th Cir.), *cert. denied*, 400 U.S. 833 (1970). Federal Rule of Civil

Procedure 21 permits a court to raise the misjoinder of parties *sua sponte*. *See* FED. R.

CIV. P. 21 ("On motion or on its own, the court may at any time, on just terms, add

or drop a party."); *Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516, 522 (5th

- 3 -

Cir. 2010); *Patterson v. 422nd District Court of Kaufman County*, No. 3:05-CV-0199-K
(BF), 2005 WL 544207, at *1 (N.D. Tex. Mar. 7, 2005) (Stickney, M.J.). Thacker is
not a proper party to this suit because he did not have the capacity to be sued when
Rev. Parker filed her petition in the state court. See *Futrell v. State & County Mutual
Insurance Company*, No. 05:95-01052-CV, 1996 WL 479555, at *4 (Tex. App.--Dallas
Aug. 19, 1996, no writ); *Adamson*, 546 S.W.2d at 703. Consequently, he is an
improper party to this suit and was misjoined. *Acevedo*, 600 F.2d at 522 (citing *Clay
v. Martin*, 509 F.2d 109, 113 (2d Cir. 1975) ("[T]he presence of "improper parties"
[is] an invalid basis for dismissal of [a] complaint. Misjoinder . . . does not justify
such an extreme sanction.")).

The court concludes that Thacker must be dropped from this suit. See *Fowler
v. UPMC Shadyside*, 578 F.3d 203, 209 n.5 (3d Cir. 2009) (holding that a court may
drop misjoined parties "on such terms as are just"). Dropping Thacker at this early
stage in the dispute does not prejudice any substantial right of the other parties to
this suit, nor does it dismiss Rev. Parker's claims. *Acevedo*, 600 F.2d at 522 (citing
*Sabolsky v. Budzanoski*, 457 F.2d 1245, 1249 (3d Cir. 1972) ("Misjoinder or non-
joinder of parties is not ground for dismissal . . . . The proper remedy in case of
misjoinder is to grant severance or dismissal to the improper party if it will not
prejudice any substantial right."); *see also* 6 CHARLES ALAN WRIGHT & ARTHUR R.
MILLER, FEDERAL PRACTICE AND PROCEDURE: CIVIL § 1479 (3d ed. 2004); 4-21

JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 21.02 (3d ed. 2005).

Since Thacker's presence in or absence from this suit does not affect the completely

diverse citizenship of the parties, dropping Thacker from this suit will not affect this

court's subject matter jurisdiction. *Tewari De-Ox Systems, Inc. v. Mountain States/Rosen

Liability Corporation*, 757 F.3d 481, 483 (5th Cir. 2014).

### III.  Amendment of Rev. Parker's Pleading to Add a Defendant in Thacker's Place

On July 10, 2015, the defendant, Melton Trucking, filed an answer in the state

court proceeding. *See* Exhibit B, Notice of Removal with Jury Demand. After

removal, "repleading is unnecessary unless the court orders it." FED. R. CIV. P.

81(c)(2). Thus, Melton Trucking does not need to refile its answer in response to

Rev. Parker's state court petition.

Additionally, Melton Trucking's answer filed in the state court is a responsive

pleading. *See* Federal Rules of Civil Procedure 7 and 15(a)(1); *Gilbreath v. Averitt

Express, Inc.*, No. 09-CV-1922, 2010 WL 3037253, at *3 n.4 (W.D. La. Aug. 2,

2010) (holding that Federal Rule of Civil Procedure 15(a)(1) does not apply where

the defendant filed a responsive pleading -- an answer -- in state court prior to

removal). Therefore, if Rev. Parker seeks to amend her complaint to add a party in

place of Thacker, she must either obtain Melton Trucking's written consent or file a

motion seeking the court's leave to amend her complaint pursuant to Federal Rule of

Civil Procedure 15(a)(2) because 21 days have elapsed since Melton Trucking served

her with its answer.  *See* Exhibit B, Notice of Removal with Jury Demand; FED. R.

CIV. P. 15(a)(1)-(2).

## IV.  CONCLUSION

For the reasons stated above, the plaintiff's unopposed motion to substitute

party and suggestion of death is **DENIED**, and the defendant Edward Thacker is

**DROPPED** from this case.

**SO ORDERED**.

October 19, 2015.

A. Joe Fish

_____
**A. JOE FISH**
**Senior United States District Judge**