UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| BRIANNA PARKER,              )<br>                              )<br>         Plaintiff,          )<br>                              )<br>VS.                           )<br>                              )<br>BILL MELTON TRUCKING INC., and )<br>FRANKIE THACKER, AS THE       )<br>REPRESENTATIVE OF THE ESTATE  )<br>OF CHARLES EDWARD THACKER,    )<br>                              )<br>         Defendants.         ) | CIVIL ACTION NO.<br><br>3:15-CV-2528-G |

## MEMORANDUM OPINION AND ORDER

Before the court is the defendant Bill Melton Trucking, Inc. ("Melton Trucking")'s motion for leave to file an answer to the plaintiff's first amended complaint (docket entry 45). For the reasons stated below, Melton Trucking's motion for leave to file an answer to the plaintiff's first amended complaint is granted.

I. BACKGROUND

On April 22, 2015, the plaintiff, Brianna Parker, filed her original petition in the 298th Judicial District Court of Dallas County, Texas (docket entry 1). Melton Trucking filed its original answer in the state court and then removed the case to this

court (docket entry 1). After the court granted the plaintiff leave to file an amended complaint (docket entry 13), she filed her first amended complaint on November 2, 2015 (docket entry 14). Melton Trucking did not file its answer until April 12, 2015 (docket entry 30), whereupon the plaintiff filed a motion for default or alternatively a motion to strike Melton Trucking's answer (docket entry 34). The court denied the plaintiff's motion for default but granted the plaintiff's motion to strike Melton Trucking's answer as untimely because Melton Trucking did not seek leave of court to file its untimely answer (docket entry 36). The plaintiff filed a request for entry of default on April 18, 2016, alleging that Melton Trucking had failed to file a responsive pleading or otherwise defend the suit (docket entry 37). On April 19, 2016, the clerk of court entered default against Melton Trucking (docket entry 38). Melton Trucking then filed a motion to set aside clerk's entry of default on April 26, 2016 (docket entry 41). The court granted Melton Trucking's motion to set aside the clerk's entry of default (docket entry 44). At the court's direction, Melton Trucking filed a motion for leave to file an answer to the plaintiff's first amended complaint (docket entry 45). The plaintiff filed a response opposing Melton Trucking's motion (docket entry 46).

## II. ANALYSIS

When a party has failed to complete an act within a specified time, the court may, for good cause extend the time "on motion made after the time has expired if

the party failed to act because of excusable neglect." FED. R. CIV. P. 6(b)(1)(B). The Supreme Court defined the term "excusable neglect" in *Pioneer Investment Services Company v Brunswick Associates Limited Partnership*, 507 U.S. 380 (1993). According to the Court, "[t]he ordinary meaning of 'neglect' is 'to give little attention or respect' to a matter, or, closer to the point for our purposes, 'to leave undone or unattended to *esp[ecially] through carelessness*.'" 507 U.S. at 388 (quoting WEBSTER'S NINTH NEW COLLEGIATE DICTIONARY 791 (1983) (emphasis in original)). "Although inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect, it is clear that 'excusable neglect' . . . is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Id.* at 392 (footnotes omitted). Rather, "[t]he word . . . encompasses both simple, faultless omissions to act and, more commonly, omissions caused by carelessness." *Id.* at 388.

Here, Melton Trucking contends that its failure to respond in a timely fashion to the plaintiff's first amended complaint is excusable neglect because the failure was not intentional and instead was the result of mistake, inadvertence, or carelessness. Melton Trucking's Motion for Leave to File Answer ("Motion") at 4 (docket entry 45). Melton Trucking maintains that the departure of an attorney assigned to the case and a failure to properly calendar the need to file an answer led to the almost one hundred fifty day delay in filing its answer. *Id.* at 5. The plaintiff responds that

Melton Trucking has not supported these facts with an affidavit.  Plaintiff's Response to Motion for Leave to file Answer ("Response") at 3-4 (docket entry 46).  While Melton Trucking failed to support its contention with evidence, its alleged carelessness here fits within the definition of excusable neglect under FED. R. CIV. P. 6(b)(1)(B).

If the court were to deny Melton Trucking's motion for leave to file an answer, Melton Trucking would be in default.  Default judgments are generally disfavored and should not be granted on the claim, without more, that the defending party has failed to meet a procedural time requirement.  *Lacy v. Sitel Corporation*, 227 F.3d 290, 292 (5th Cir. 2000).  Courts generally have refused to enter a default judgment if the defending party has made any type of appearance in the suit by responding to the complaint.  See, *e.g.*, *Securities and Exchange Commission v. Amerifirst Funding, Inc.*, No. 3:07-CV-1188-D, 2007 WL 4226921 at *3 (N.D. Tex. Nov. 29, 2007) (Fitzwater, Chief J.); *Dahlstrom v. Moore*, No. 4:07-CV-0229, 2007 WL 2908448 (E.D. Tex. Oct. 3, 2007); *Bilbe v. Belsom*, No. 06-CV-7596, 2006 WL 3388482 (E.D. La. Nov. 21, 2006).  As a general rule, entry of a default judgment is treated as a conclusive and final adjudication of the issues necessary to justify the relief awarded. See *Jackson v. FIE Corporation*, 302 F.3d 515, 525 n.29 (5th Cir. 2002). Consequently, "[d]efault judgments are a drastic remedy, not favored by the Federal

Rules and resorted to by courts only in extreme situations." *Sun Bank of Ocala v. Pelican Homestead and Savings Association*, 874 F.2d 272, 276 (5th Cir. 1989).

Melton Trucking has made several appearances. It filed an answer to the plaintiff's original petition, it removed the action here, it objected to the plaintiff's motion to remand, it participated in discovery, and it attempted to file its answer to the plaintiff's first amended complaint. This is not a situation where the defending party has failed to make any type of appearance or has not contested the merits of the case. A party "is not entitled to a default judgment as a matter of right, even where the [opposing party] is technically in default." *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996). The court concludes that Melton Trucking's actions constitute excusable neglect to avoid a default judgment.

The plaintiff maintains that she will suffer prejudice because Melton Trucking had the luxury of filing its answer to her first amended complaint after having conducted discovery. Response at 2-3. While the court does not deny that Melton Trucking gained an advantage, any prejudice to the plaintiff does not outweigh the prejudice to Melton Trucking if the court were to deny the motion, putting Melton Trucking back in default. Further, if there is a need to amend pleadings in response to Melton Trucking's answer, the plaintiff can seek leave of court to amend the scheduling order.

The plaintiff also contends that granting the motion would inordinately delay the case. *Id.* at 4.  While the filing of an untimely answer will delay the case, any delay is not inordinate and does not outweigh the prejudice that would be done by placing Melton Trucking in default.  Further, the discovery deadline for the case is November 30, 2016.  The plaintiff still has sufficient time to conduct further discovery if it is needed.

Lastly, the plaintiff requests attorney's fees for securing the entry of default, filing the motion for default judgment, and responding to this motion.  *Id.* at 7.  Pursuant to FED. R. CIV. P. 54(d), the court will defer any request for attorney's fees until after the matter is resolved on the merits or otherwise when final judgment has been entered.

### III.  CONCLUSION

For the reasons stated above, Melton Trucking's motion for leave to file an answer (docket entry 45) is **GRANTED**.  Melton Trucking is **DIRECTED** to file its answer to the plaintiff's first amended complaint by **Friday, May 6, 2016**.

**SO ORDERED**.

May 3, 2016.

_____
**A. JOE FISH
Senior United States District Judge**