UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| BRIANNA PARKER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO. |
| VS. ) | |
| ) | 3:15-CV-2528-G |
| BILL MELTON TRUCKING, INC., ) | |
| ET AL., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

Before the court is the motion of the defendant Bill Melton Trucking, Inc. ("Melton Trucking") for leave to designate a responsible third party (docket entry 60). For the reasons stated below, the motion is granted.

I. BACKGROUND

This case arises out of a motor vehicle accident in Dallas County, Texas that injured the plaintiff Brianna Parker ("Rev. Parker"). *See* Rev. Parker's First Amended Complaint ("Complaint") ¶¶ 7-17 (docket entry 14). On May 22, 2013, Rev. Parker was driving her automobile under the Interstate Highway 30 overpass in Dallas, Texas when three forklifts struck the overpass and toppled onto her vehicle. *Id.*

¶¶ 10-13.  The forklifts were being towed on a flatbed trailer behind a Freightliner tractor that was driven by defendant Edward Thacker ("Thacker") on behalf of Melton Trucking.  *Id.* ¶¶ 8-12.

Melton Trucking has moved under Section 33.004 of the Texas Civil Practice and Remedies Code for leave to designate Darr Equipment Co. ("Darr") as a responsible third party.  *See* Melton Trucking's Motion for Leave to Designate Responsible 3rd Parties ("Motion") at 2-4 (docket entry 60).

## II.  ANALYSIS

### A.  Applicable Law

While the Fifth Circuit has not explicitly decided on the applicability of Section 33.004 in diversity actions, district courts have consistently applied it as substantive state law.  See, *e.g.*, *Alvarez v. Toyota Motor Corporation*, No. 3:06-CV-0340 D, 2006 WL 1522999, at *2 (N.D. Tex. May 8, 2006) (Fitzwater, J.) ("This court has applied § 33.004 in a diversity case . . . and it will continue to do so until persuaded that the statute does not apply."); *Strickland v. Buffalo Wild Wings, Inc.*, No. 3:14-CV-4252-B, 2015 WL 4269968, at *2 (N.D. Tex. July 14, 2015) (Boyle, J.); *Withers v. Schneider National Carriers, Inc.*, 13 F. Supp. 3d 686, 688 (E.D. Tex. 2014).  Accordingly, this court will apply Section 33.004 as substantive law.

B.  Legal Standard

Section 33.004 provides that a court "shall grant leave to designate the named person as a responsible third party unless another party files an objection to the motion for leave on or before the 15th day after the date the motion is served." TEX. CIV. PRAC. & REM. CODE § 33.004(f); see also *Nels Cary, Inc. v. Day*, No. 3:07-CV-0832-D, 2008 WL 631242, at *2 (N.D. Tex. Feb. 29, 2008) (Fitzwater, Chief J.). Section 33.011 defines a responsible third party as "any person who is alleged to have caused or contributed to causing in any way to the harm for which recovery of damages is sought." TEX. CIV. PRAC. & REM. CODE § 33.011(6); see also *Nels Cary, Inc.*, 2008 WL 631242, at *2. Moreover, "[w]hen an objection is timely filed, § 33.004 next instructs courts shall not grant leave to designate the responsible third party if the objecting party establishes the defendant failed to plead sufficient facts concerning the alleged responsibility of the person." *Muniz v. T.K. Stanley, Inc.*, No. L-06-CV-126, 2007 WL 1100466, at *3 (S.D. Tex. Apr. 11, 2007). Thus, the court will determine whether Melton Trucking has satisfied the pleading requirements of the Texas Rules of Civil Procedure. *See* TEX. CIV. PRAC. & REM. CODE § 33.004(g).

C.  The Parties' Motions Were Timely

A motion for leave to designate responsible third parties must be filed "on or before the 60th day before the trial date unless the court finds good cause to allow the motion to be filed at a later date." TEX. CIV. PRAC. & REM. CODE § 33.004(a).

- 3 -

Moreover, Section 33.004 requires that the court grant the defendant's motion unless another party files an objection on or before the 15th day after the motion is served. TEX. CIV. PRAC. & REM. CODE. § 33.004(f).

Here, the trial is set for February 6, 2017. Order Establishing Scheduling and Certain Pretrial Requirements ¶ 2 (docket entry 26). Melton Trucking filed the instant motion on July 28, 2016 -- well before the 60 day deadline. *See* Motion. Rev. Parker objected the following day. *See* Plaintiff Rev. Parker's Response and Objection to Motion ("Response") (docket entry 62). Thus, both Melton Trucking's motion and Rev. Parker's objections were timely.

### D.  Rev. Parker's Objections

Rev. Parker objects to Melton Trucking's motion on two grounds: (1) Melton Trucking has failed to meet the pleading requirements of the Texas Rules of Civil Procedure, and (2) Melton trucking has not produced sufficient evidence to raise a genuine issue of fact as to Darr's responsibility for Rev. Parker's injury. Response at 2.

  1. *Melton Trucking Pled Sufficient Facts to Satisfy the Pleading*
      *Requirements of the Texas Rules of Civil Procedure*

Rev. Parker contends that Melton Trucking has not met the pleading requirements of the Texas Rules of Civil Procedure because Melton Trucking's motion contains only "vague hearsay information." *See* Response at 2. Moreover,

Rev. Parker points out that Melton Trucking failed to mention Darr's responsibility in either of its answers.  *Id.*

Rules 45 and 47 of the Texas Rules of Civil Procedure detail the pleading standard under Texas law.  In relevant part, Rule 45 requires a complaint to "consist of a statement in plain and concise language of the plaintiff's cause of action. . . . That an allegation be evidentiary or be of legal conclusion shall not be grounds for an objection when fair notice to the opponent is given by the allegations as a whole."  TEX. R. CIV. P. 45(b).  Rule 47 reiterates the essential element of Texas's pleading regime:  the text of the complaint must be "sufficient to give fair notice of the claim involved."  TEX. R. CIV. P. 47(a).  A party satisfies this pleading standard if "an opposing attorney of reasonable competence, with the pleadings before him, can determine the nature of the controversy and the testimony that would probably be relevant." *Coffey v. Johnson*, 142 S.W.3d 414, 417 (Tex. App.-- Eastland 2004, no pet.).  This standard does "not require that the plaintiff set out in his pleadings the evidence upon which he relies to establish his asserted cause of action." *Paramount Pipe & Supply Company, Inc. v. Muhr*, 749 S.W.2d 491, 494-95 (Tex. 1988) (citing *Edwards Feed Mill v. Johnson*, 158 Tex. 313, 317 (1958)).  Thus, the court will evaluate Melton Trucking's factual contentions.

In its motion, Melton Trucking specifically alleges that Darr was responsible for lowering the forklifts' masts, failed to do so, and then told Thacker "that the load

was only 14 feet and that the bridge clearance was 14.7 feet." Motion at 3. Because Melton Trucking described Darr's specific conduct, any reasonable attorney would be on notice that Darr's negligence is the "basic issue[] of the controversy." See *In re Greyhound Lines, Inc.*, No. 05-13-01646-CV, 2014 WL 1022329, at *2 (Tex. App. -- Dallas Feb. 21, 2014, no. pet.); see also *Viceroy Petroleum, L.P. v. Tadlock Pipe & Rentals, Inc.*, No. SA-14-CV-00006-DAE, 2014 WL 5488422, at *4-5 (W.D. Tex. Oct. 29, 2014) (concluding that the defendant's allegations that a third party's negligence caused harm to the plaintiff satisfied Texas's "fair notice" pleading standard); *JMO Property, LLC v. VRE Chicago Eleven, LLC*, No. 4:16-CV-0074-A, 2016 WL 3410338, at *2 (N.D. Tex. June 15, 2016) (McBryde, J.) ("Defendants' motions set forth facts indicating that [the proposed responsible third parties] provided materials and financials upon which defendants relied and form the basis of plaintiff's claims against defendants.").

Moreover, if true, Darr's failure to lower the forklifts' masts, at a minimum, contributed to Melton Trucking's truck striking the overpass and causing Rev. Parker's injuries. Had Darr lowered the masts, as Melton Trucking contends it should have, common sense tells us that it is less likely that the forklifts would have struck the overpass. Thus, Melton Trucking has alleged sufficient facts to show that Darr's negligence "caused or contributed to causing in any way" Rev. Parker's harm and has satisfied Texas's "fair notice" pleading standard. *See* TEX. CIV. PRAC. & REM.

CODE § 33.011(6); see also *Muniz*, 2007 WL 1100466, at *4 (discussing how Texas's fair notice pleading standard is not a "high threshold").

    2. *Melton Trucking Produced Sufficient Evidence as to Darr's Responsibility*

  Rev. Parker also asserts that Melton Trucking failed to produce legally sufficient evidence that Darr, "and not Melton Trucking, is liable." Response at 3. Rev. Parker contends that Thacker and Melton Trucking were solely responsible for insuring that the forklifts were adequately secured under 49 C.F.R. Section 392.9. *See* Response at 2-3; *see also* 49 C.F.R. § 392.9(a)(1) (2007) ("A driver may not operate a commercial motor vehicle . . . unless [t]he commercial motor vehicle's cargo is properly distributed and adequately secured . . . ."). Additionally, Rev. Parker contends that Melton Trucking was negligent for failing to properly train and monitor Thacker and that Thacker was negligent for driving at an unsafe speed. Response at 4. Based on the above contentions, Rev. Parker concludes that Thacker and Melton Trucking were solely responsible for her injuries. *Id.*

  However, Rev. Parker's contentions about the ultimate responsibility for her injuries are misplaced. To designate a responsible third party, Melton Trucking does not need to put forth evidence conclusively disproving its own liability or proving Darr's sole responsibility for Rev. Parker's harm; rather, allocating liability is the ultimate fact finder's responsibility. *In re Greyhound Lines, Inc.*, 2014 WL 1022329, at *2 ("the trial court . . . is not permitted to engage in an analysis of the truth of the

allegations or consider evidence on the third party's ultimate liability."). To prevail on the instant motion, Melton Trucking need only produce minimal evidence supporting its contentions that a third party caused or contributed to Rev. Parker's injury. *See* TEX. CIV. PRAC. & REM. CODE. § 33.011(6).

Here, Melton Trucking attached insurance investigation records from the Hartford supporting its contention that Darr was responsible for loading the forklifts and lowering their masts. *See* Motion at 3, Exhibit A. The weight and credibility of Melton Trucking's proffered evidence in relation to Darr's liability is a question for the ultimate fact finder, not the court in determining this motion. See *Coachmen Industries, Inc. v. Alternative Service Concepts L.L.C.*, No. CIV.A. H-06-0892, 2008 WL 2787310, at *1 (S.D. Tex. July 15, 2008) ("If a person is designated by the Court as a responsible third party, then . . . the person is to be included in the list of parties the jury may consider for allocation of responsibility for the plaintiff's damages."). Thus, Melton Trucking has put forth sufficient evidence of Darr's contribution to Rev. Parker's injury. See *Hegwood v. Ross Stores, Inc.*, No. 3:04-CV-2674-BH, 2007 WL 14256, at *2 (N.D. Tex. Jan. 3, 2007) (Ramirez, M.J.) (concluding that the defendant produced "sufficient evidence" to designate a responsible third party by pointing to testimony from a single deposition).

### III.  CONCLUSION

For the reasons stated above, Melton Trucking's motion to designate Darr as a responsible third party is **GRANTED**.

**SO ORDERED**.

September 23, 2016.

_____
**A. JOE FISH**
**Senior United States District Judge**