UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BRIANNA PARKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| VS. | ) | |
| | ) | 3:15-CV-2528-G |
| BILL MELTON TRUCKING, INC., | ) | |
| ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the court is the motion of Frankie Thacker, as the representative of the estate of Charles Edward Thacker ("Thacker"), to set aside a default entered against her (docket entry 64).  For the following reasons, the motion is granted.

### I.  BACKGROUND

The plaintiff, Brianna Parker ("Rev. Parker"), brought the instant action seeking damages for personal injuries from a motor vehicle accident on May 22, 2013.  Rev. Parker's First Amended Complaint ("Complaint") (docket entry 14). Rev. Parker filed her original complaint in the 298th Judicial District Court of Dallas County, Texas on April 22, 2015.  Defendants' Notice of Removal, Exhibit B (docket

entry 1).  The defendants removed the case to this court on July 30, 2015.  *Id.*  On

November 2, 2015, Rev. Parker filed her first amended complaint.  *See* Complaint.

Thacker was served on November 12, 2015.  *See* Affidavit of Service at 1 (docket

entry 16).

Thacker did not timely answer or defend herself in the lawsuit.  On

December 9, 2015, Rev. Parker filed a request under Rule 55 of the Federal Rules of

Civil Procedure for the clerk of this court to enter default against Thacker.  *See* Rev.

Parker's Request for Clerk to Issue Entry of Default and Default Judgment (docket

entry 18).  The clerk properly entered default against Thacker on December 10,

2015.  *See* Clerk's Entry of Default (docket entry 19).

On April 12, 2016, Thacker filed an answer to Rev. Parker's first amended

complaint without seeking leave to file an answer or filing a motion to set aside the

clerk's entry of default.  *See* Stricken Answer to Amended Complaint filed by Thacker

("Stricken Answer") (docket entry 31).  Rev. Parker filed a motion to strike Thacker's

answer on April 15, 2016.  *See* Motion to Strike Thacker's Answer to Amended

Complaint (docket entry 32).

On April 18, 2016, the court issued an order striking Thacker's answer, stating

that Thacker must file a motion to set aside the clerk's entry of default before the

court would permit her to appear.  *See* Order Granting Rev. Parker's Motion to Strike

Thacker's Answer to Amended Complaint (docket entry 36).  Thacker filed this

motion to set aside entry of default on August 2, 2016.  Thacker's Motion to Set

Aside Clerk's Entry of Default ("Motion") (docket entry 64).

## II. ANALYSIS

The decision to set aside an entry of default under Federal Rule of Civil

Procedure 55(c)[1] or to grant relief from a default judgment under Federal Rule of

Civil Procedure 60(b)[2] is within the discretion of the district court.  See *CJC Holdings,*

*Inc. v. Wright* & *Lato, Inc.*, 979 F.2d 60, 63 (5th Cir. 1992).  Under either rule, the

court considers the same factors:  (1) whether the default resulted from excusable

neglect;[3] (2) whether setting aside the entry of default or the default judgment would

prejudice the adversary; and (3) whether a meritorious defense is presented.[4]  See *id.*

at 64.  "The ultimate inquiry remains whether the defendant shows 'good cause' to

---

[1]	"For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)."  FED. R. CIV. P. 55(c).

[2]	"On motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect. . . ."  FED. R. CIV. P. 60(b).

[3]	Before *CJC Holdings*, Fifth Circuit law provided that the court should inquire as to whether the default was "willful."  *CJC Holdings*, 979 F.2d at 64. However, in *CJC Holdings* the Fifth Circuit recommended that in all future cases the district court should apply an "excusable neglect" standard.  *Id.*

[4]	Courts sometimes consider other factors such as:  (1) whether the public interest was implicated; (2) whether there was a significant financial loss to the defendant; and (3) whether the defendant acted expeditiously to correct the default. See *Matter of Dierschke*, 975 F.2d 181, 184 (5th Cir. 1992) (citations omitted).

set aside the default." *Id.*  The good cause standard is a liberal one.  *Effjohn International Cruise Holdings, Inc. v. A & L Sales Inc.*, 346 F.3d 552, 563 (5th Cir. 2003).  Moreover, a motion to set aside the entry of default "is more readily granted than a motion to set aside a default judgment."  *In re OCA, Inc.*, 551 F.3d 359, 370 (5th Cir. 2008).

## A.  Excusable Neglect

The Supreme Court defined the term "excusable neglect" in *Pioneer Investment Services Company v. Brunswick Associates Limited Partnership*, 507 U.S. 380 (1993).  According to the Court, "[t]he ordinary meaning of 'neglect' is 'to give little attention or respect' to a matter, or, closer to the point for our purposes, 'to leave undone or unattended to *esp [ecially] through carelessness*." *Id.* at 388 (quoting Webster's Ninth New Collegiate Dictionary 791 (1983) (emphasis in original)).  "Although inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect, it is clear that 'excusable neglect'. . . is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Id.* at 392 (footnotes omitted).  Rather, "[t]he word . . . encompasses both simple, faultless omissions to act and, more commonly, omissions caused by carelessness." *Id.* at 388.

Rev. Parker contends that Thacker's default was willful.  *See* Plaintiff's Response to Motion to Set Aside Clerk's Entry of Default ("Response") at 4-9

- 4 -

(docket entry 66).  Rev. Parker points out that Thacker's counsel "ignore[d] its responsibilities to the Court to respond timely," evidenced by her counsel's repeated delays and active participation in the case on behalf of co-defendant Bill Melton Trucking, Inc. ("Melton Trucking").  See *id.* at 5-8.

"[W]illfulness is determined by applying the excusable neglect standard."  *US Green Building Council, Inc. v. Wardell*, No. 3:14-CV-1541-M, 2015 WL 5164068, at *2 (N.D. Tex. Sept. 1, 2015) (Lynn, J.).  The Fifth Circuit has defined willfulness as an "intentional failure to respond to litigation."  *In re OCA, Inc.*, 551 F.3d at 370 n.32.  Courts look to whether the defendant's failure to respond amounts to "playing games" with the court.  See *Lacy v. Sitel Corporation*, 227 F.3d 290, 292 (5th Cir. 2000).  While failure to respond because of mistake alone does not require that a court find willfulness, repeated and unexplained delays "encroach[es] on the sort of behavior [that the Fifth Circuit has] decried as playing games with the court."  Compare *Jenkens & Gilchrist v. Groia & Company*, 542 F.3d 114, 123-24 (5th Cir. 2008) (concluding that the defendant's confusion about the duty to respond to the complaint did not require a finding that her default was willful) with *Wooten v. McDonald Transit Associates, Incorporated*, 788 F.3d 490, 501 (5th Cir. 2015) (upholding the district court's finding of willfulness when the defendant did not offer an explanation for its failure to respond) (quoting *In re Chinese-Manufactured Drywall Products*, 742 F.3d 576, 595 (5th Cir. 2014)).

Here, Thacker has intentionally failed to respond to the litigation.  Thacker was properly served on November 12, 2015.  Over six months passed between service on Thacker and Thacker's filing of the now-stricken answer on April 12, 2016.  *See* Stricken Answer.  Thacker's sole explanation is that she is not the representative of the estate of Charles Edward Thacker.  Motion at 4-5.  However, this explanation is questionable after Thacker filed an answer as the "Representative of the Estate of Charles Edward Thacker."  Stricken Answer at 1.  Additionally, Thacker does not explain why this belief caused her to default.  Thacker was obligated to respond after proper service.  Thus, Thacker's explanation is insufficient.

Moreover, Thacker has engaged in repeated and unexplained delays after the clerk's entry of default.  The court clarified Thacker's duty to respond it its April 18, 2016 order stating, "Thacker must file a motion to set aside the clerk's entry of default before the court will permit her to appear."  Order Granting Rev. Parker's Motion to Strike Thacker's Answer to Amended Complaint at 2 (docket entry 36).  However, Thacker took three and one half months from the April 2016 order to file the instant motion in August 2016.  Such delay shows little effort to "resolve the suit."  See *Lacy*, 227 F.3d at 292 (concluding that the defendant's default was not willful when it "made repeated contacts with [the plaintiff] in an attempt to resolve the suit" after service).  Thacker offers no explanation for her post-service delays.  Thus, the court concludes that her default was willful.  See *United States v. Tellez*, 678

- 6 -

F. Supp. 2d 437, 440 (W.D. Tex. 2009) ("[W]hen defaulting party was aware of pending case, 'protestations of good faith . . . do not suffice'") (quoting *Dimmitt v. Ockenfels*, 407 F.3d 21, 24 (1st Cir. 2005)).  This factor weighs in favor of denying Thacker's motion.  See *CJC Holdings, Inc.*, 979 F.2d at 64 (explaining that a willful default "would certainly not constitute excusable neglect"); see also *In re OCA, Inc.*, 551 F.3d at 370.

However, while "willful failure alone may constitute sufficient cause for refusing to set aside an entry of default," the court may continue its "good cause" analysis.  *Beall v. Cockrell*, 174 F. Supp. 2d 512, 517 (N.D. Tex. 2001) (Fitzwater, J.); see also *Alfarouqi v. Tri-Speed Investment, Inc.*, No. 3:12-CV-3836-L, 2013 WL 5314436, at *4 (N.D. Tex. Sept. 23, 2013) (Lindsay, J.) (setting aside the default without deciding whether it was willful); *Southwestern Bell Telephone Company v. Raza Telecom, Inc.*, No. 3:13-CV-1621-P, 2013 WL 11330884, at *2 (N.D. Tex. Nov. 22, 2013) (Solis, J.) ("Even if the Court found [that the defendant willfully defaulted], the liberal standard of Rule 55(c) would require the Court to find good cause since the remaining factors are met."); *Konnectcorp International, Inc. v. Daniesh Suntharalingam*, No. 3:13-CV-3656-P, 2014 WL 11515583, at *4 (N.D. Tex. May 12, 2014) (Solis, J.) ("[A] finding of willfulness does not automatically lead to a denial of relief.").  Accordingly, the court will examine Rev. Parker's claims of prejudice and whether Thacker has presented a meritorious defense.

B.  Prejudice to Rev. Parker

Rev. Parker claims she would need to conduct additional discovery if the court sets aside Thacker's default.  *See* Response at 9-10.  Rev. Parker also contends that she is prejudiced by Thacker's delay because the scheduling order's deadline to amend pleadings has passed, precluding Rev. Parker from amending her pleadings to address Thacker's answer.  *Id.*  However, "the mere possibility of prejudice from delay, which is inherent in every case, is insufficient to require denial of a [Rule] 60(b)(1) motion."  *Hibernia National Bank v. Administracion Central Sociedad Anonima*, 776 F.2d 1277, 1280 (5th Cir. 1985).  Rather, "'the plaintiff must show that the delay will result in the loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion.'"  *Lacy*, 227 F.3d at 293 (quoting *Berthelsen v. Kane*, 907 F.2d 617, 621 (6th Cir. 1990)).

Here, the discovery deadline is November 30, 2016, *see* Order Establishing Schedule and Certain Pretrial Requirements ¶ 6 (docket entry 26), giving Rev. Parker nearly two months to conduct additional discovery with Thacker.  See *Banat v. POP Restaurants LLC.*, No. CIV.A. 3:03-CV-0718-D(BF), 2004 WL 948252, at *2 (N.D. Tex. May 3, 2004) (Stickney, M.J.) (concluding that the plaintiff is not substantially prejudiced when the discovery deadline was three months after the court set aside the defendant's default).

Additionally, Rev. Parker asserts identical claims against both Thacker and Melton Trucking and will still have to prosecute those claims against Melton Trucking.  See *Allstate Insurance Company v. Riverside Roofing & Construction, Inc.*, No. CIV A 06-5201, 2007 WL 1191785, at *3 n.3 (E.D. La. Apr. 19, 2007) (concluding that the plaintiff was not prejudiced by the delay when prosecuting identical claims against the non-defaulting defendant); *Great American Insurance Company v. Goin*, No. 3:15-CV-0075-P, 2015 WL 11121356, at *3 (N.D. Tex. Dec. 16, 2015) (Solis, J.) ("Most significantly, there is no prejudice to Great American since the claims against [both defendants] are identical.").  Further, Rev. Parker can seek leave of court to amend the scheduling order's deadlines.  See *Parker v. Bill Melton Trucking Inc.*, No. 3:15-CV-2528-G, 2016 WL 1750643, at *2 (N.D. Tex. May 3, 2016) (Fish, J.).

Thacker has not demonstrated prejudice beyond that complained of by "every non defaulting party."  See *Konnectcorp International, Inc.*, 2014 WL 11515583, at *3 (explaining that delay "is borne by every non-defaulting party when a default is set aside, and is thus 'insufficient to justify denial of relief.'") (citing *Bateman v. United States Postal Service*, 231 F.3d 1220, 1225 (9th Cir. 2000)).  Accordingly, this factor weighs in favor of setting aside the default.

## C. <u>Meritorious Defense</u>

Thacker contends that the shipper, Darr Equipment Co.("Darr"), was solely responsible for loading the accident-causing forklifts onto the truck.  Motion at 7.

According to Thacker, Darr's failure to lower the forklifts' masts caused the accident. *Id.* Rev. Parker asserts that Thacker's violation of 49 C.F.R. Section 392.9 precludes Thacker's defense. Response at 11-12. Moreover, Rev. Parker contends that Thacker fails to identify any witnesses or evidence that refute Rev. Parker's negligence claims. *Id.*

A defense is "meritorious if [it] contain[s] 'even a hint of a suggestion' which, proven at trial, would constitute a complete defense . . . [including] 'broad and conclusory' allegations." *Sea Horse Marine Inc. v. Black Elk Energy Offshore Operations, L.L.C.*, No. CIV.A. 15-1082, 2015 WL 4079831, at *4 (E.D. La. July 6, 2015) (quoting *Howard v. United States*, No 93-1520, 1993 WL 353506, at *3 (E.D. La. Sept. 8, 1993)). "The underlying concern is . . . whether there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default." *In re OCA, Inc.*, 551 F.3d at 373 (quoting *Jenkens & Gilchrist*, 542 F.3d at 122). To succeed in setting aside a default judgment, Thacker must establish that she has a fair probability of success on the merits. *Federal Savings and Loan Insurance Corporation v. Kroenke*, 858 F.2d 1067, 1069 (5th Cir. 1988).

If, as Thacker contends, Darr was solely responsible for loading the forklifts onto the trailer, then there is "a hint of a suggestion" that Thacker was not negligent in failing to lower the forklifts' masts. Cf. *Reyelts v. Cross*, No. 4:12-CV-0112-BJ, 2013 WL 4874090, at *1 (N.D. Tex. Apr. 23, 2013) (Cureton, M.J.), *aff'd*, 566 F.

App'x 316 (5th Cir. 2014) ("Defendants' have provided the Court absolutely no evidence . . . that they have a meritorious defense."). It is true that 49 C.F.R. Section 392.9 requires truck drivers to properly secure and distribute cargo; however, it does not hold truck drivers strictly liable for accidents caused by loading errors. See, *e.g.*, *White v. Dietrich Metal Framing*, No. CIV.A.1:06-CV-554, 2007 WL 7049797, at *6 (E.D. Tex. July 5, 2007) ("Generally, when the shipper assumes [responsibility to load the cargo], it becomes liable for latent or concealed defects, while the carrier bears responsibility for improper loading that is obvious."). It is possible that Thacker did not violate Section 392.9 if Darr, as Thacker alleges, was solely responsible for loading the truck. Thus, Thacker has shown the possibility of a meritorious defense.

While this is a close case, the Fifth Circuit has adopted a strong policy favoring trying cases on the merits. *Rogers v. Hartford Life* & *Accident Insurance Company*, 167 F.3d 933, 936 (5th Cir. 1999). Therefore, keeping the Fifth Circuit's policy in mind, Thacker has met her burden of showing that the entry of default should be set aside.

## D.  Attorney's fees

Rev. Parker requests attorney's fees for securing the entry of default, filing the motion for default judgment, and responding to this motion. Response at 13. Pursuant to FED. R. CIV. P. 54(d), the court will defer any request for attorney's fees

until after the matter is resolved on the merits or otherwise when final judgment has

been entered.

III.  CONCLUSION

For the reasons stated above, Thacker's motion to set aside the clerks entry of

default is **GRANTED**.  Thacker is directed to file her responsive pleading by

**October 12, 2016**.

**SO ORDERED**.

October 3, 2016.

A. JOE FISH
**Senior United States District Judge**