## IN THE UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | |
|---|---|
| **BRIANNA PARKER** § | |
| § | |
| § | |
| § | |
| **VS.** § | **CIVIL ACTION NO. 3:15-CV-02528-G** |
| § | |
| **BILL MELTON TRUCKING, INC.** § | |
| **FRANKIE THACKER, AS THE** § | |
| **REPRESENTATIVE OF THE ESTATE** § | |
| **OF CHARLES EDWARD THACKER,** § | |
| **DARR EQUIPMENT CO.   AND** § | |
| **TRIPLE E BROKERAGE, INC.** § | |

### DEFENDANT TRIPLE E BROKERAGE, INC.'s
### RULE 12(b)(6) MOTION TO DISMISS AND MEMORANDUM IN SUPPORT

TO THE HONORABLE UNITED STATES JUDGE:

COMES NOW, Defendant TRIPLE E BROKERAGE, INC., and files this Rule 12(b)(6) Motion to Dismiss and Memorandum In Support in seeking to dismiss Plaintiff's suit for failure to state a claim upon which relief can be granted, as authorized by Federal Rule of Civil Procedure 12(b)(6).

## I.
### INTRODUCTION

1.      Plaintiff is Brianna Parker.   One of the Defendants in this matter is Triple E Brokerage, Inc. ("Triple E").

2.      Plaintiff sued several defendants for personal injuries under state law claims for negligence and negligence *per se.*   [Doc #80] at p. 4.

---

3.     Plaintiff's Second Amended Complaint, which brought Triple E into the suit for the first time, does not state a claim upon which relief can be granted because the complaint against Triple E was filed well after the statute of limitations expired.   Therefore, the Court should dismiss Plaintiff's suit against Triple E.

## II.
## ARGUMENT

4.     A court has authority to dismiss a suit for failure to state a claim upon which relief can be granted under Rule 12(b)(6) if the complaint is barred by the statute of limitations.   *Jones v Bock,* 549 U.S. 199, 215 (2007).   "Whether a particular ground for opposing a claim may be the basis for dismissal for failure to state a claim depends on whether the allegations in the complaint suffice to establish that ground, not on the nature of the ground in the abstract."   *Id.*

5.     Plaintiff's complaint against Triple E is for alleged personal injuries resulting from state claims for negligence and negligence *per se. See* [Doc #80] at p. 4.

6.     These allegations trigger the two (2) year statute of limitations in Texas Civil Practice and Remedies Code Section 16.003, which provides that a person must bring suit for personal injury "not later than two years after the day the cause of action accrues." It is well established law in Texas that a negligence claim arising from a personal injury must be brought within two years from the date of injury. *See* TEX. CIV. PRAC. & REM. CODE § 16.003(a); *Valverde v. Biela's Glass & Aluminum Prods.,* 293 S.W.3d 751,753 (Tex.App.—San Antonio 2009, pet. denied). Triple E asks the court to take judicial notice that the Second Amended Complaint does not allege any cause of action that would fit within the exceptions set forth in Section 16.003. [1]

---

[1] Limited exceptions provided by CPRC Sections 16.010 include: (Misappropriation of Trade Secrets), 16.0031 (Asbestos-Related or Silica-Related Injuries), and 16.0045 (conduct that violates Penal Code Sections 22.011, (sexual assault), 22.021 (aggravated sexual assault), 21.02 (continuous sexual abuse of young children), 20A.02 (trafficking of persons) and 43.05 (compelling prostitution).

---

7.     In paragraph 9 of the Complaint, Plaintiff admits that the accident that forms the basis of her action occurred on May 22, 2013.   *See* [Doc #80] pg. 2, para. 9.

8.     However, the complaint against Triple E was filed over three (3) years later on September 27, 2016.   *See* [Doc #80].   Thus, it is clear from the facts that the Plaintiff's claims against Triple E are barred under the statute of limitations. The facts are (1) "definitively ascertainable from the complaint and other allowable sources of information" and (2) suffice to establish the affirmative defense with certitude." *Gray v Evercore Restructuring L.L.C.*, 544 F.3d 320, 324 (1st Cir. 2008).

9.     A curative amendment would be futile as there is no dispute on the date of the accident which gives rise to this action. *Travelers Indemn. Co. v Dammann & Co.,* 594 F3d 238, 256 n. 14 (3d Cir. 2010).

### III.
### CONCLUSION

10.     Because the personal injury claims against Triple E in Plaintiff's Second Amended Complaint were filed after the statute of limitations expired, the complaint fails to state a claim upon which relief can be granted against Triple E.   Therefore, the Court should dismiss Plaintiff's suit against Triple E.

### IV.
### PRAYER

11.     Defendant prays that Plaintiff's suit against Triple E be dismissed in its entirety and that Triple E recover its costs and be granted such other and further relief to which it may be justly entitled.

Respectfully submitted,

EKVALL & BYRNE, LLP

Erik E. Ekvall
State Bar No. 06507022
4450 Sigma Road
Suite 100
Dallas, TX 75244
Telephone: (972) 239-0839
Facsimile: (972) 960-9517
eekvall@ekvallbyrne.com

**ATTORNEY FOR DEFENDANT
TRIPLE E. BROKERAGE, INC.**

## CERTIFICATE OF SERVICE

This shall confirm that a true and correct copy of the foregoing document was served on the following counsel of record on the _14_ day of October, 2016:

Aubrey "Nick" Pittman
The Pittman Law Firm, P.C.
100 Crescent Court, Suite 700
Dallas, TX   75201-2112

Mike H. Bassett
Matthew Samuel
Sadie A. Horner
The Bassett Firm
3838 Oak Lawn Ave., Suite 1300
Dallas, TX   75219

Erik E. Ekvall