UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

BRIANNA PARKER,                          )
                                         )
          Plaintiff,                     )
                                         )          CIVIL ACTION NO.
VS.                                      )
                                         )          3:15-CV-2528-G
BILL MELTON TRUCKING, INC.,              )
ET AL.,                                  )
                                         )
          Defendants.                    )

MEMORANDUM OPINION AND ORDER

Before the court are the motions to dismiss the plaintiff's claims filed by the

defendants Triple E Brokerage, Inc. ("Triple E") and Darr Equipment Company

("Darr") (docket entries 93 and 101).  For the reasons stated below, the defendants'

motions are granted.

I.  BACKGROUND

This case arises out of a motor vehicle accident in Dallas County, Texas that

injured the plaintiff Brianna Parker ("Rev. Parker").  *See* Plaintiff's Second Amended

Complaint ("Complaint") ¶¶ 9-18 (docket entry 80).  On May 22, 2013, Rev. Parker

was driving her automobile under the Interstate Highway 30 overpass in Dallas,

Texas when three forklifts carried on a Freightliner tractor trailer, struck the overpass, toppled onto her vehicle, and injured her.  *Id.* ¶¶ 9-15.

On September 27, 2016, Rev. Parker filed her second amended complaint.  *See* Complaint.  In this pleading, Rev. Parker added claims against Darr, contending that Darr negligently loaded the forklifts onto the trailer.  *Id.* ¶ 21.  Rev. Parker also added claims against Triple E, asserting that Triple E negligently failed to provide special instructions for loading the forklifts.  *Id.* ¶ 22.  On October 14, 2016, Triple E filed a motion to dismiss.  Triple E's Motion to Dismiss for Failure to State a Claim ("Triple E's Motion") (docket entry 93).  On October 20, 2016, Darr filed a motion to dismiss.  Darr's Motion to Dismiss for Failure to State a Claim ("Darr's Motion") (docket entry 101).  The motions are now ripe for decision.

## II.  ANALYSIS

### A.  Legal Standards

#### 1.  *Rule 12(b)(6) Motion to Dismiss*

"To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'"  *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 570 (2007)), *cert. denied*, 552 U.S. 1182 (2008).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of [his

or her] entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotation marks, brackets, and citation omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *In re Katrina Canal*, 495 F.3d at 205 (quoting *Twombly*, 550 U.S. at 555) (internal quotation marks omitted). "The court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Id.* (quoting *Martin K. Eby Construction Company, Inc. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)) (internal quotation marks omitted).

The Supreme Court has prescribed a "two-pronged approach" to determine whether a complaint fails to state a claim under Rule 12(b)(6). See *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). The court must "begin by identifying the pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679. The court should then assume the veracity of any well-pleaded allegations and "determine whether they plausibly give rise to an entitlement of relief." *Id.* The plausibility principle does not convert the Rule 8(a)(2) notice pleading standard to a "probability requirement," but "a sheer possibility that a defendant has acted unlawfully" will not defeat a motion to dismiss. *Id.* at 678. The plaintiff must "plead[] factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not 'show[n]' -- 'that the pleader is entitled to relief.'" *Id.* at 679 (alteration in original) (quoting FED. R. CIV. P. 8(a)(2)). The court, drawing on its judicial experience and common sense, must undertake the "context-specific task" of determining whether the plaintiff's allegations "nudge" [his or her] claims against the defendant "across the line from conceivable to plausible." See *id.* at 679, 683.

2. *Rule 12(b)(6) Dismissal Based on an Affirmative Defense*

"Although dismissal under Rule 12(b)(6) is ordinarily determined by whether the facts alleged in the complaint, if true, give rise to a cause of action, a claim may also be dismissed if a successful affirmative defense appears clearly on the face of the pleadings." *Clark v. Amoco Production Co.*, 794 F.2d 967, 970 (5th Cir. 1986); 5B Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, FEDERAL PRACTICE AND PROCEDURE § 1357 (3d ed. 2013) ("As the case law makes clear, the complaint also is subject to dismissal under Rule 12(b)(6) when its allegations indicate the existence of an affirmative defense that will bar the award of any remedy."). "In the usual case, this court is unable to grant dismissal under Rule 12(b)(6) based on an affirmative defense because it rarely appears on the face of the complaint." *Simon v. Telsco*

*Industries Employee Benefit Plan*, No. 3:01-CV-1148-D, 2002 WL 628656, at *1 (N.D. Tex. Apr. 17, 2002) (Fitzwater, J.).

Limitations is an affirmative defense. *See* FED. R. CIV. P. 8(c)(1). The affirmative defense of statute of limitations may properly be asserted in a Rule 12(b)(6) motion to dismiss. *Songbyrd, Inc. v. Bearsville Records, Inc.*, 104 F.3d 773, 776 n.3 (5th Cir. 1997); *Kansa Reinsurance Company, Ltd. v. Congressional Mortgage Corporation of Texas*, 20 F.3d 1362, 1366 (5th Cir. 1994). Furthermore, "[i]t is well settled . . . that in order for a defendant to prevail on the basis of limitations at the pleadings stage, the plaintiff must normally plead [it]self out of court." *West Fork Partners, L.P. v. Chesapeake Exploration, L.L.C.*, No. 3:09-CV-0370-D, 2009 WL 2252505, at *5 (N.D. Tex. July 29, 2009) (Fitzwater, Chief J.) (quoting *Funches v. City of Dallas*, No. 3:99-CV-0224-D, 1999 WL 261842, at *2 (N.D. Tex. Apr. 28, 1999) (Fitzwater, J.)); *Covington v. Mitsubishi Motor Manufacturing of America, Inc.*, 154 Fed. App'x 523, 524 (7th Cir. 2005) ("[D]ismissal under Rule 12(b)(6) on the basis of an affirmative defense is appropriate only where the plaintiff pleads himself out of court by admitting all the ingredients of an impenetrable defense.") (internal quotations omitted). Courts strictly apply statutes of limitations, dismissing suits filed even a few days after the limitations date. See *Cochran v. Astrue*, No. 3:11-CV-1257-D, 2011 WL 5604024, at *1 (N.D. Tex. Nov. 17, 2011) (Fitzwater, Chief J.) (dismissing a suit filed ten days after the statute of limitations expired).

- 5 -

B.  Application

In Texas, the statute of limitations for personal injury claims is two years.

TEX. CIV. PRAC. & REM. CODE § 16.003(a) (requiring that a person bring suit for

"trespass for injury to the estate or to the property of another, conversion of personal

property, taking or detaining the personal property of another, personal injury,

forcible entry and detainer, and forcible detainer not more than two years after the

day the cause of action accrues"); *Schaefer v. Gulf Coast Regional Blood Center*, 10 F.3d

327, 331 (5th Cir. 1994) ("In Texas, causes of action for personal injuries are

governed by a two-year statute of limitations.'").

The defendants contend that § 16.003(a)'s two-year statute of limitation bars

Rev. Parker's claims.  Triple E's Motion at 2; Darr's Motion at 2-3.  Specifically, the

defendants contend that Rev. Parker was injured on May 22, 2013, but she failed to

file suit against them until September 27, 2016.  Triple E's Motion at 3; Darr's

Motion at 3.  Rev. Parker maintains that her claims are timely because she did not

learn of Triple E and Darr's involvement in the matter until discovery.  Rev. Parker's

Response to Triple E's Motion to Dismiss for Failure to State a Claim ("Triple E

Response") at 4 (docket entry 99); Rev. Parker's Response to Darr's Motion to

Dismiss for Failure to State a Claim ("Darr Response") at 4 (docket entry 104).  Rev.

Parker argues that the statute of limitations should be tolled under the discovery rule

and equitable tolling principles.  Darr Response at 4-5; Triple E Response at 3-5.

1. *Discovery Rule*

Rev. Parker cites authorities for the proposition that her cause of action did not accrue until she knew of the defendants' identities under the "discovery rule." Darr Response at 4; Triple E Response at 3-4.  However, upon closer examination, the authorities Rev. Parker relies on apply only to cases brought under 28 U.S.C. § 1983.  See, *e.g.*, *Longoria v. City of Bay City, Texas*, 779 F.2d 1136, 1137-38 (5th Cir. 1986) ("Although the state statute of limitations governs the timeliness of this section 1983 action, the question of when the cause of action accrues is a matter of federal, not state, law.").  In the instant state-law personal injury action, Texas's more-limited "discovery rule" applies.  See *Husk v. Deutsche Bank National Trust Company*, No. CIV.A. H-12-1630, 2013 WL 960679, at *2 (S.D. Tex. Mar. 12, 2013) (applying the Texas discovery rule to the plaintiff's state law claims).

Under the Texas discovery rule, an action does not accrue until the plaintiff "knew or in the exercise of reasonable diligence should have known of the wrongful act and resulting injury." *S.V. v. R.V.*, 933 S.W.2d 1, 4 (Tex. 1996).  When the plaintiff learns of the injury, the limitations clock begins running, even if the plaintiff does not yet know the specific cause of the injury or the party responsible for it. *PPG Industries, Inc. v. JMB/Houston Centers Partners Limited Partnership*, 146 S.W.3d 79, 93 (Tex. 2004).  "The discovery rule is 'a very limited exception to statutes of limitations' and only applies when the nature of the injury is both 'inherently

undiscoverable' and 'objectively verifiable.'" *Milton v. Stryker Corporation*, 551 Fed. App'x 125, 127-28 (5th Cir. 2014) (quoting *Wagner & Brown, Ltd. v. Horwood*, 58 S.W.3d 732, 734 (Tex. 2001)); *Seureau v. ExxonMobil Corporation*, 274 S.W.3d 206, 227 (Tex. App.--Houston [14th Dist.] 2008, no pet.) ("The rule has been limited to matters that are properly characterized as inherently undiscoverable."). Texas courts look to whether the plaintiff's injury falls within a category of injuries that have been identified as inherently undiscoverable. See *Seureau*, 274 S.W.3d at 228 ("[T]he focus is on whether a *type* of injury, rather than a *particular* injury, was discoverable.") (emphasis in original); *Brandau v. Howmedica Osteonics Corporation*, 439 Fed. App'x 317, 322 (5th Cir. 2011) (looking to whether the plaintiff's injury "is in a category of injuries that have been identified as inherently undiscoverable").

In personal injury actions, Texas courts catagorize late-developing, latent injuries as inherently undiscoverable. See *Brandau*, 439 Fed. App'x at 322 (applying the Texas discovery rule to a late-developing injury arising from an implanted surgical device); *Childs v. Haussecker*, 974 S.W.2d 31, 37-38 (Tex. 1998) (holding that latent diseases caused by exposure to toxic substances are inherently undiscoverable). The discovery rule is inapplicable to "situations in which the traumatic or injurious event causing personal injury is sudden and distinguishable, and the plaintiff knew that the injury occurred at the time the event occurred." *Howard v. Fiesta Texas Show Park, Inc.*, 980 S.W.2d 716, 721 (Tex. App.--San Antonio 1998, pet. denied). Here, the

discovery rule is inapplicable.  The court has not found any authorities identifying

injuries arising from an automobile accident, such as those sustained by Rev. Parker,

as inherently undiscoverable.  Moreover, Rev. Parker clearly knew that she was

injured at the time of the accident.  *See* Complaint ¶¶ 18-19.

Additionally, Rev. Parker's contention fails because courts have explicitly held

that the discovery rule does not apply when the plaintiff is unaware of the

wrongdoers' identities.  See *Reynolds v. Guido*, 166 S.W.3d 789, 793 (Tex. App.--

Dallas 2005, pet. denied) (stating that under the discovery rule, "[l]imitations is not

tolled until the plaintiff discovers the identity of the wrongdoer"); *Esquivel v. Murray

Guard, Inc.*, 992 S.W.2d 536, 541 (Tex. App.--Houston [14th Dist.] 1999, pet.

denied) ("We hold that the discovery rule does not apply based on [the plaintiff's]

failure to determine that Murray Guard was a potential defendant.").  Thus, the

discovery rule is inapplicable to Rev. Parker's claims against Darr and Triple E.[*]

### 2.  *Equitable Tolling*

Alternatively, Rev. Parker argues that the limitations period should be

equitably tolled.  Darr Response at 5-6; Triple E Response at 5-6.  "Equitable Tolling

is a 'sparingly invoked' doctrine."  *Drake v. Consumers County Mutual Insurance*, No.

---

[*]        For similar reasons, Rev. Parker's contention that her complaint should
relate back under FED. R. CIV. P. 15(c) fails.  See *Miller v. Mancuso*, 388 Fed. App'x
389, 391 (5th Cir. 2010) (noting that failure to identify defendants does not
implicate Rule 15(c)).

05-13-00170-CV, 2015 WL 2182682, at *8 (Tex. App.--Dallas May 8, 2015, pet.

denied) (quoting *Hand v. Stevens Transportation, Inc. Employee Benefit Plan*, 83 S.W.3d

286, 293 (Tex. App.--Dallas July 23, 2002, no pet.)).  A party seeking to invoke the

doctrine of equitable tolling must establish an "excusable reason" for not having

brought suit within the limitations period.  *Drake*, 2015 WL 2182682, at *8 (citing

*Irwin v. Basham,* 507 S.W.2d 621, 625 (Tex. App.--Dallas 1974, writ ref'd n.r.e.)).

Texas courts have limited the equitable tolling doctrine to cases where "the wrong

defendant was originally sued and the correct defendant was not named until after

the limitations period expired." *Lewallen v. Cross*, No. 03-14-0026-CV, 2014 WL

4365081, at *3 (Tex. App.--Austin Aug. 27, 2014, no pet.); see also *Bailey v. Gardner*,

154 S.W.3d 917, 920 (Tex. App.--Dallas Feb. 1, 2005, no pet.).

Rev. Parker does not contend that she sued the wrong defendant; rather, Rev.

Parker contends that, due to wrongful concealment, she did not receive information

about Darr or Triple E's involvement in the accident until September 2016.  *See*

Complaint ¶¶ 20-22; Darr Response at 6; Triple E Response at 6.  Rev. Parker relies

on *Green v. Doe*, 260 Fed. App'x 717, 719 (5th Cir. 2007), for the proposition that

discovery violations can equitably toll the statute of limitations.  Darr Response at 6;

Triple E Response at 6.  *Green*, however, is inapposite here.  In *Green*, the plaintiff

filed discovery requests that would have identified the unknown defendant *before* the

limitations period expired.  *Green*, 260 Fed. App'x at 719.  Had the named defendant

properly complied with such requests, the plaintiff in *Green* would have been able to identify and timely file suit against the unknown defendant. *Id.* at 720.

Here, Rev. Parker had two years to file suit after the May 22, 2013 accident. *See* TEX. CIV. PRAC. & REM. CODE § 16.003(a). She did not file suit until April 22, 2015 -- leaving her one month within the limitations period to timely add the defendants Darr and Triple E. *See* Complaint. It is true that Rev. Parker would have been unable to know of Darr and Triple E's role in the accident until after Melton Trucking provided her with documentation. The court surely cannot expect Rev. Parker to divine all of the parties involved in the complex shipping arrangement simply from her car accident. However, Rev. Parker has not specified any discovery efforts undertaken during the limitations period that would have identified Darr and/or Triple E's roles in the accident. *See* Complaint ¶¶ 21-22, 43-46. Thus, the court cannot equitably toll the statute of limitations.

## III.  CONCLUSION

For the reasons stated above, the defendants' motions are **GRANTED**. The plaintiff's claims against the defendants Triple E and Darr are hereby **DISMISSED** as time-barred. Moreover, Rev. Parker's request for leave to file a third amended complaint is **DENIED**.

**SO ORDERED**.

December 5, 2016.

_____

**A. JOE FISH**
**Senior United States District Judge**