UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

BRIANNA PARKER,                     )
                                    )
            Plaintiff,              )
                                    )          CIVIL ACTION NO.
VS.                                 )
                                    )          3:15-CV-2528-G
BILL MELTON TRUCKING, INC.,         )
ET AL.,                             )
                                    )
            Defendants.             )

MEMORANDUM OPINION AND ORDER

Before the court is the motion for partial summary judgment filed by the

defendant Bill Melton Trucking, Inc. ("Melton Trucking") (docket entry 82).  For the

reasons stated below, Melton Trucking's motion is granted in part and denied in part.

I.  BACKGROUND

A.  Factual Background

This case arises out of a motor vehicle accident in Dallas County, Texas that

injured the plaintiff Brianna Parker ("Rev. Parker").  *See* Plaintiff's Second Amended

Complaint ("Complaint") ¶¶ 9-18 (docket entry 80).  On May 22, 2013, Rev. Parker

was driving her automobile under the Interstate Highway 30 overpass in Dallas,
Texas when three forklifts, carried on a Freightliner tractor trailer, struck the overpass
and toppled onto Rev. Parker's vehicle. *Id.* ¶¶ 9-15.

Rev. Parker contends that Melton Trucking was negligent based upon theories
of negligence *per se*, strict liability, vicarious liability, and gross negligence. Complaint
¶¶ 23-36, 42. Rev. Parker also contends that she is entitled recovery for intentional
infliction of emotional distress and mental anguish, and contends that Melton
Trucking spoliated evidence and prejudiced her ability to present her case.
Complaint ¶¶ 37-40, 43-46.

## B.  Procedural Background

Rev. Parker filed her original complaint in the 298th Judicial District Court of
Dallas County, Texas on April 22, 2015. Defendants' Notice of Removal, Exhibit B
(docket entry 1). The defendants removed the case to federal court on July 30, 2015.
*Id.* On September 27, 2016, Rev. Parker filed her second amended complaint. *See*
Complaint. Rev. Parker also moved for sanctions, due to spoliation of evidence, on
September 30, 2016, a motion which remains pending before the court. *See*
Plaintiff's Motion for Sanctions Against Melton Trucking and Frankie Thacker for
Destruction and Concealment of Evidence ("Motion for Sanctions") (docket entry
84). On September 29, 2016, Melton Trucking filed the instant motion for partial
summary judgment under Rule 56 of the Federal Rules of Civil Procedure. *See*

*generally* Melton Trucking's Motion for Partial Summary Judgment ("Motion") (docket entry 82).  Rev. Parker timely responded to Melton Trucking's motion on October 19, 2016.  *See* Plaintiff's Response to Melton Trucking's Motion for Partial Summary Judgment (docket entry 96).

## II.   ANALYSIS

### A.   Legal Standards

#### 1.   *Summary Judgment Standard*

Summary judgment is proper when the pleadings, depositions, admissions, disclosure materials on file, and affidavits, if any, "show[ ] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(a), (c)(1).[1]  A fact is material if the governing substantive law identifies it as having the potential to affect the outcome of the suit.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  An issue as to a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Id.*; see also *Bazan ex rel. Bazan v. Hidalgo County*, 246 F.3d 481, 489 (5th Cir. 2001) ("An issue is 'genuine' if it is real and substantial, as opposed to merely formal, pretended, or a sham.").  To demonstrate a genuine issue as to the

---

[1]      Disposition of a case through summary judgment "reinforces the purpose of the Rules, to achieve the just, speedy, and inexpensive determination of actions, and, when appropriate, affords a merciful end to litigation that would otherwise be lengthy and expensive."  *Fontenot v. Upjohn Company*, 780 F.2d 1190, 1197 (5th Cir. 1986).

material facts, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Industrial Company v. Zenith Radio Corporation*, 475 U.S. 574, 586 (1986).  The nonmoving party must show that the evidence is sufficient to support the resolution of the material factual issues in his favor.  *Anderson*, 477 U.S. at 249 (citing *First National Bank of Arizona v. Cities Service Company*, 391 U.S. 253, 288-89 (1968)).

When evaluating a motion for summary judgment, the court views the evidence in the light most favorable to the nonmoving party.  *Id.* at 255 (citing *Adickes v. S.H. Kress & Company*, 398 U.S. 144, 158-59 (1970)).  However, it is not incumbent upon the court to comb the record in search of evidence that creates a genuine issue as to a material fact.  See *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003).  The nonmoving party has a duty to designate the evidence in the record that establishes the existence of genuine issues as to the material facts.  *Celotex Corporation v. Catrett*, 477 U.S. 317, 324 (1986).  "When evidence exists in the summary judgment record but the nonmovant fails even to refer to it in the response to the motion for summary judgment, that evidence is not properly before the district court."  *Malacara*, 353 F.3d at 405.

2. *"No Evidence" Motion for Summary Judgment Standard*

"A no-evidence motion for summary judgment . . . is a pleading that may be filed in state court, but not federal court."[2] *BB Energy LP v. Devon Energy Production Company LP*, No. 3:07-CV-0723-O, 2008 WL 2164583, at *12 (N.D. Tex. May 23, 2008) (O'Connor, J.) (citing *Casteneda v. Flores*, No. 5:05-CV-0129, 2007 WL 1671742, at *2-3 (S.D. Tex. June 8, 2007)).  The moving party must refer to the record to show that there is no genuine issue of material fact in order to make summary judgment proper in federal court.  *Id.*; see also *Trautmann v. Cogema Mining, Inc.*, No. 5:04-CV-117, 2007 WL 1577652, at *3 (S.D. Tex. May 30, 2007) ("[I]t is an inescapable deduction of controlling case law that strict adherence to the federal [summary judgment] standard, and only the federal standard, is the correct approach."); *Cardner v. Home Depot U.S.A., Inc.*, 561 F. Supp. 2d 640, 643 (E.D. Tex. 2006) ("A no evidence motion for summary judgment is only available in the Texas state courts.  Accordingly, the court will apply the appropriate federal standard to the Defendant's motion for summary judgment.") (internal citation omitted); *Royal Surplus Lines Insurance Company v. Brownsville Independent School District*, 404 F. Supp.

---

[2]     Melton Trucking has moved for a "no evidence" partial summary judgment because it failed to file an appendix with the court and failed to cite to any evidence in its brief.  *Castillo v. Depot*, No. 3:13-CV-3249-P, 2014 WL 12531504, at *2 (N.D. Tex. Aug. 15, 2014) (Solis, J.) ("[The defendant] has not cited to any evidence tending to disprove the elements of [the plaintiff's] claims.  Indeed, [the defendant] has not even attached an appendix to cite to.  The motion is a well-crafted example of a " no-evidence" motion for summary judgment.").

2d 942, 948 (S.D. Tex. 2005) ("[T]he concept of a 'no evidence' summary judgment neither accurately describes federal law nor has any particular import in . . . federal summary judgment procedure."). A defendant's motion for summary judgment will fail when the defendant's brief consists of only conclusory statements that the record lacks evidence as to the elements of a claim. See *St. Paul Mercury Insurance Co. v. Williamson*, 224 F.3d 425, 440 (5th Cir. 2000); *Ashe v. Corley*, 992 F.2d 540, 543 (5th Cir. 1993).

## B. Application

### 1. *Melton Trucking Fails to Cite to the Record*

Melton Trucking contends that Rev. Parker cannot establish at least one element for the causes of action of intentional infliction of emotional distress, gross negligence, strict liability, and negligence *per se*. *See* Motion at 1. However, Melton Trucking failed to file an appendix in support of its motion. *See* Local Rule 56.6(a) ("A party who relies on materials in the record . . . to support or oppose a motion for summary judgment must include the materials in an appendix."). As a result, Melton Trucking never cites to the record to show an absence of a genuine issue of material fact. *See* Brief In Support of Melton Trucking's Motion for Partial Summary Judgment ("Melton's Brief") at 2-3, 5-6, 9 (docket entry 83).

For example, Melton Trucking lists the elements for intentional infliction of emotional distress and then concludes that "the Plaintiff cannot establish at least one

of the above-listed elements that are essential to the Plaintiff's claim . . . therefore, the Defendant is entitled to summary judgment." *Id.* at 3-4.  Even further, Melton Trucking extensively outlines Texas law for negligence *per se*, but it fails to cite to any evidence from the record to establish that there is no genuine issue of material fact. See *id.* at 7-9.  Melton Trucking similarly fails to cite to any evidence for gross negligence and strict liability.  See *id.* at 5-7.

In sum, Melton Trucking has failed to offer any evidence whatsoever that there was "an absence of proof as to the factual issue . . ."  Cf. *Williamson*, 224 F.3d at 440 (noting that the defendant offered affidavits, depositions, and other evidence to point to the lack of evidence supporting the plaintiff's claim).  Therefore, Melton Trucking's motion for summary judgment on the claims for intentional infliction of emotional distress, gross negligence, strict liability, and negligence *per se* must be denied.  See *Ashe*, 992 F.2d at 544 (denying the defendant's motion for summary judgment because "[i]t is not enough for the moving party to merely make a conclusory statement that the other party has no evidence to prove his case").

## 2. *Spoliation Is Not an Independent Cause of Action*

Melton Trucking contends that it is entitled to summary judgment for Rev. Parker's spoliation claim because spoliation "does not give rise to an independent cause of action" in Texas.  Melton's Brief at 5.  It is true that Texas does not support an independent cause of action for spoliation.  *Trevino v. Ortega*, 969 S.W.2d 950,

953 (Tex. 1998); *Crain v. City of Selma*, No. CV SA-16-CA-408-XR, 2016 WL 4212341, at *4 (W.D. Tex. Aug. 9, 2016) ("Texas does not recognize an independent cause of action for spoliation of evidence.").  However, a party asserting a claim for spoliation is not without remedy.  As the *Trevino* court noted, spoliation is best handled within the "context of the lawsuit" through sanctions and procedures.  See *Trevino*, 969 S.W.2d at 953.  Here, Rev. Parker has already filed a motion for sanctions for spoliation.  *See* Motion for Sanctions.  Thus, Rev. Parker's claim for spoliation should be dismissed and Rev. Parker may obtain any appropriate relief through her motion for sanctions.

Similarly, because Rev. Parker's claim for attorney's fees arises from her spoliation claim, Rev. Parker's request for attorney's fees in the complaint should be dismissed as well.  *See* Plaintiff's Brief In Support of Her Response to Melton Trucking's Motion for Summary Judgment at 23-24 (docket entry 97).

III.  <u>CONCLUSION</u>

For the reasons stated above, Melton Trucking's motion for partial summary judgment on Rev. Parker's claims for intentional infliction of emotional distress, gross negligence, strict liability, and negligence *per se* is **DENIED**.  However, Melton Trucking's motion for summary judgment on Rev. Parker's claims for spoliation and attorney's fees is **GRANTED**.

**SO ORDERED**.

December 7, 2016.

_____

A. JOE FISH
**Senior United States District Judge**