UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BRIANNA PARKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| VS. | ) | |
| | ) | 3:15-CV-2528-G |
| BILL MELTON TRUCKING, INC., | ) | |
| ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the court is the defendants' partial motion to dismiss the plaintiff's claims for spoliation and attorney's fees (docket entry 89). For the reasons stated below, this motion is granted as to the defendant Frankie Thacker, as representative of the estate of Charles Edward Thacker ("Thacker"). However, this motion is denied as moot as to the defendant Bill Melton Trucking, Inc. ("Melton Trucking").[*]

---

[*] Because the court dismissed Rev. Parker's claims for spoliation and attorney's fees against Melton Trucking, *see* docket entry 115, the court need only decide whether to dismiss Rev. Parker's claims against Thacker.

I. BACKGROUND

On September 27, 2016, the plaintiff Brianna Parker ("Rev. Parker") filed an amended complaint adding parties and claims. Plaintiff's Second Amended Complaint ¶¶ 43-46, 48, 54 (docket entry 80). On October 5, 2016, the defendants, Melton Trucking and Thacker, filed the instant motion to dismiss Rev. Parker's claims for spoliation and attorney's fees. Defendants' Motion to Dismiss for Failure to State a Claim (docket entry 89); Defendants' Brief in Support of Their Motion (docket entry 90). On October 19, 2016, Rev. Parker timely responded. Plaintiff's Response to Defendants' Motion to Dismiss ("Response") (docket entry 100). The motion is now ripe for decision.

II. ANALYSIS

A. Legal Standard: Rule 12(b)(6) Motion to Dismiss

"To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 570 (2007)), *cert. denied*, 552 U.S. 1182 (2008). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of [his or her] entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550

U.S. at 555 (internal quotation marks, brackets, and citation omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *In re Katrina Canal*, 495 F.3d at 205 (quoting *Twombly*, 550 U.S. at 555) (internal quotation marks omitted). "The court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Id.* (quoting *Martin K. Eby Construction Company, Inc. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)) (internal quotation marks omitted).

The Supreme Court has prescribed a "two-pronged approach" to determine whether a complaint fails to state a claim under Rule 12(b)(6). See *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). The court must "begin by identifying the pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679. The court should then assume the veracity of any well-pleaded allegations and "determine whether they plausibly give rise to an entitlement of relief." *Id.* The plausibility principle does not convert the Rule 8(a)(2) notice pleading standard to a "probability requirement," but "a sheer possibility that a defendant has acted unlawfully" will not defeat a motion to dismiss. *Id.* at 678. The plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of

misconduct, the complaint has alleged -- but it has not 'show[n]' -- 'that the pleader is entitled to relief.'" *Id.* at 679 (alteration in original) (quoting FED. R. CIV. P. 8(a)(2)). The court, drawing on its judicial experience and common sense, must undertake the "context-specific task" of determining whether the plaintiff's allegations "nudge" [his or her] claims against the defendant "across the line from conceivable to plausible." See *id.* at 679, 683.

B. Application

Texas does not support an independent cause of action for spoliation. *Trevino v. Ortega*, 969 S.W.2d 950, 953 (Tex. 1998); *Crain v. City of Selma*, No. CV SA-16-CA-408-XR, 2016 WL 4212341, at *4 (W.D. Tex. Aug. 9, 2016) ("Texas does not recognize an independent cause of action for spoliation of evidence."). However, a party asserting a claim for spoliation is not without remedy. As the *Trevino* court noted, spoliation is best handled within the "context of the lawsuit" through sanctions and procedures. See *Trevino*, 969 S.W.2d at 953. Here, Rev. Parker has already filed a motion for sanctions for spoliation. *See* Plaintiff's Motion for Sanctions Against Melton Trucking and Thacker for Destruction and Concealment of Evidence ("Motion for Sanctions") (docket entry 84). Thus, Rev. Parker's claim for spoliation should be dismissed and Rev. Parker may obtain any appropriate relief through her motion for sanctions.

- 4 -

Similarly, because Rev. Parker's claim for attorney's fees arises from her spoliation claim, Rev. Parker's request for attorney's fees in the complaint should be dismissed as well.  *See* Response at 4.

### III.  CONCLUSION

For the reasons stated above, the defendants' motion to dismiss Rev. Parker's claims for spoliation and attorney's fees against Thacker is **GRANTED**.  However, the motion is **DENIED** as moot as to Rev. Parker's claims against Melton Trucking.

**SO ORDERED**.

December 8, 2016.

*A. Joe Fish*
**A. JOE FISH**
**Senior United States District Judge**