UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| BRIANNA PARKER, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | CIVIL ACTION NO. |
| VS. ) | |
| ) | 3:15-CV-2528-G |
| BILL MELTON TRUCKING, INC. and ) | |
| FRANKIE THACKER, as the ) | |
| Representative of the Estate of Charles ) | |
| Edward Thacker, ) | |
| ) | |
|     Defendants. ) | |

## ORDER

Before the court are the plaintiff's Federal Rule of Civil Procedure 72(a) objections (docket entry 156) to the magistrate judge's February 13, 2017 order (docket entry 154) denying the plaintiff's motion for sanctions for spoliation of evidence (docket entry 84). For the reasons discussed below, the court overrules the plaintiff's objections and adopts the magistrate judge's order.

### I. BACKGROUND

The plaintiff, Brianna Parker ("Parker"), filed a motion for sanctions contending that the defendants, Bill Melton Trucking, Inc. ("Melton Trucking") and

Frankie Thacker, as representative of the estate of Charles Edward Thacker ("Charles Thacker") (collectively, "the defendants"), conspired to destroy evidence, including the tractor-trailer and the load of forklifts involved in the accident as well as various documents related to Charles Thacker's safety record and employment with Melton Trucking. Plaintiff's Motion for Sanctions for Spoliation of Evidence ("Motion for Sanctions") at 6-8 (docket entry 84).

United States Magistrate Judge Renée Harris Toliver held that while the defendants had a duty to preserve evidence, Parker had not met her burden of showing that the defendants destroyed or concealed evidence in bad faith. Order Denying Plaintiff's Motion for Sanctions for Spoliation of Evidence ("Order") at 6-7, 12 (docket entry 154). Therefore, Judge Toliver denied Parker's motion. Parker filed objections to the order contending that it is clearly erroneous. Plaintiff's Objections to Order on the Motion for Sanctions ("Objections") at 1 (docket entry 156).

## II. ANALYSIS

### A. Legal Standard

If a person files objections to a magistrate judge's order, under Federal Rule of Civil Procedure 72(a), the district judge can "modify or set aside any part of the order that is clearly erroneous or is contrary to law." *See also* 28 U.S.C. § 636(b)(1)(A) (setting forth the standards of review used in FED. R. CIV. P. 72(a)). Courts have interpreted this language to create distinct standards of review for findings of fact and

conclusions of law.  Specifically, "[t]he [c]ourt reviews the [m]agistrate [j]udge's legal conclusions *de novo*, and reviews [his] factual findings for clear error." *Merrill v. Waffle House, Inc.*, 227 F.R.D. 475, 476 (N.D. Tex. 2005) (Lynn, J.) (citing *Lahr v. Fulbright & Jaworksi, L.L.P.*, 164 F.R.D. 204, 208 (N.D. Tex. 1996) (Fitzwater, J.)).  Each of Parker's objections is addressed below.[1]

### B.  Objection Number One

Parker objects to the following statement on page nine of the February 13, 2017 order:

> [h]owever, "[Plaintiff] does not point to any provision in the insurance policy -- or for that matter to any other signed agreement -- that evidences the [Defendants'] consenting to [the insurance company] taking actions subject to their control.

Objections at 6.  The court has reviewed the communications cited by Parker and concludes that Parker has failed to submit any evidence that the defendants' insurer, Progressive Insurance Company ("Progressive"), was acting as the defendants' agent. See *Jamison v. National Loan Investors, L.P.*, 4 S.W.3d 465, 468 (Tex. App.--Houston [1st Dist.] 1999, pet. denied) (holding that an agent is a person or entity who is

---

[1] Parker also contends that the order "places an insurmountable burden on a plaintiff to establish bad faith destruction or concealment of evidence." Objections at 1.  The court neither finds this to be the case nor that Judge Toliver misapplied the Fifth Circuit's "bad faith" standard.  A close examination of the evidence before the court does not permit the court to reasonably infer that the defendants intentionally spoliated unfavorable evidence for the purpose of precluding its admission.  See *Whitt v. Stephens County*, 529 F.3d 278, 284 (5th Cir. 2008).

authorized to act for another and *is subject to the control of the other*). Moreover, as discussed below, Parker did not establish that Progressive acted in bad faith. Thus, Objection Number One is overruled.

### C. Objection Number Three

Parker objects to the following statement on page nine of the February 13, 2017 order:

> [t]he offer to Plaintiff's counsel of an opportunity to inspect the tractor-trailer before its destruction would appear to negate any suggestion of bad faith or concealment. Moreover, any notion of bad faith is further undermined by Mr. Najafi giving notice to Mr. Pittman that the tractor-trailer would soon be sold as salvage.

Objections at 9. Parker has two objections to this statement: (1) Parker contends that the order does not address her inability to inspect the load of forklifts and (2) Parker contends that the alleged attempt by the insurance adjuster, Synergy Adjusting Corporation ("Synergy"), to permit an inspection of the tractor-trailer does not negate bad faith. Objections at 9-10.

The order noted that even if Progressive and Synergy acted as the defendants' agents, Parker has not shown that either Progressive or Synergy acted in bad faith. Order at 9. The order emphasized that Synergy sent a July 8, 2013 letter to Parker's counsel, Mr. Pittman, stating, "We wish to advise that you are permitted to inspect the tractor and trailer; however . . . [a]s soon as the claim is settled for the first party physical damages aspect of the loss, salvage will be sold to the highest bidder." *Id.*

(quoting Defendants' Appendix in Support of Their Response to Plaintiff's Motion for Spoliation of Evidence ("Defendants' Appendix"), Exhibit H (docket entry 103-1)). The order further notes that "[t]here were no further communications from Mr. Pittman until his August 26, 2013 letter to Progressive reiterating his demands to inspect the tractor-trailer." *Id.* The order correctly concludes that Synergy's offer negates the notion that the defendants acted in bad faith. *Id.*

The district court has reviewed all of the correspondence between Mr. Pittman, Progressive, and Synergy submitted by the parties. Parker has failed to produce any evidence that Mr. Pittman responded to Synergy's July 8, 2013 letter to arrange an inspection. Mr. Pittman's next correspondence, the August 26, 2013 letter to Progressive, did not respond in any fashion to Synergy's offer of inspection. Plaintiff's Appendix in Support of Her Objection to the Order ("Plaintiff's Appendix") at 55-56 (docket entry 157); Defendants' Appendix, Exhibit H. Parker has submitted no evidence showing that Mr. Pittman's ability to inspect the tractor-trailer was obstructed in bad faith by Progressive, Synergy, or the defendants.

As to Parker's inability to inspect the forklifts, the record reflects that the cargo insurance carrier, the Hartford, came into possession of the forklifts after the accident. *See* Defendants' Appendix, Exhibit G. In her motion for sanctions, Parker failed to discuss the Hartford's role in the matter. Specifically, Parker did not address why or how the actions of the Hartford are imputed to Progressive and/or the

defendants.[2] Nonetheless, any notion that the defendants were culpable, via Progressive, for not arranging an inspection of the forklifts fails because (1) as discussed above, Parker has not demonstrated that Progressive was acting as the agent of the defendants, and (2) Parker did not meet her burden of showing bad faith.

Progressive satisfied any responsibility owed to Parker regarding the load of forklifts. On June 18, 2013, after receiving the preservation of evidence letter from Mr. Pittman, Progressive promptly forwarded it to the Hartford. *See* Defendants' Appendix, Exhibit G. On September 3, 2013, Progressive notified Mr. Pittman that the load of forklifts was in the possession of the Hartford and provided Mr. Pittman with the Hartford's contact information. Plaintiff's Appendix at 57. The evidence submitted by Parker clearly shows that neither the defendants nor Progressive sought

---

[2] It does not appear that the defendants had a duty to preserve the load of forklifts. Melton Trucking was shipping the forklifts on behalf of Darr Equipment, Company ("Darr"). After the accident, the load was towed to Walnut Hill Wrecker. Defendants' Appendix, Exhibits A and B. On May 24, 2013, Walnut Hill Wrecker released the forklifts into the possession of Darr. *Id.*, Exhibit C. In fact, Parker acknowledges in the reply to the defendants' response to her motion for sanctions that "the decision as to when to retrieve the Load [from Walnut Hill Wrecker] was made by co-defendant Darr." Reply to Plaintiff's Motion for Sanctions for Spoliation of Evidence at 3 (docket entry 106). At some point after that, the forklifts were transferred to the Hartford. *See* Defendants' Appendix, Exhibit G. Therefore, it appears to be Darr -- not the defendants -- that had responsibility for the load of forklifts after the accident.

in bad faith to prevent Parker from inspecting the forklifts.  Therefore, Objection Number Three is overruled.

### D.  Objection Numbers Two, Four, Five, and Six

Parker's objection numbers two, four, five,[3] and six depend on whether Parker has met her burden of showing that the defendants acted in bad faith.  Objections at 8, 11, 12, 14.  The crux of the order was that Parker had not met her burden of establishing bad faith.  *Smith v. Chrysler Group, LLC*, No. 1:15-CV-218, 2016 WL 7741735, at *5 (E.D. Tex. Aug. 31, 2016) ("[T]he burden is on [the party seeking sanctions] to demonstrate bad faith.").  After closely reviewing the record and the evidence submitted by the parties, the court holds that the magistrate judge did not err in failing to find that the defendants acted in bad faith.  Parker has not produced evidence that the defendants "intentionally destroy[ed] important evidence in bad faith [and] did so because the contents of those documents were unfavorable to that party." *Whitt*, 529 F.3d at 284 (quoting *Russell v. University of Texas of Permian Basin*,

---

[3]    As to objection number five, Parker contends that the order did not recognize that the doctrine of spoliation includes concealment of evidence and failure to preserve it.  Objections at 12.  It is true that the doctrine of spoliation encompasses the failure to preserve evidence as well as the destruction, mutilation, alteration, or *concealment* of evidence.  *Id.* (citing *Toth v. Calcasieu Parish*, No. 06-998, 2009 WL 528245, at *1 (W.D. La. Mar. 2, 2009)).  However, the party invoking the doctrine of spoliation has the burden of proving that the party who committed the alleged spoliation -- in any form -- acted in bad faith.  As the order correctly notes, Parker has not done so here.

234 Fed. App'x 195, 207 (5th Cir. 2007)).  Therefore, Objections Number Two, Four, Five, and Six are overruled.

### III.  CONCLUSION

For the reasons stated above, Parker's objections are **OVERRULED**, and the order of the Magistrate Judge denying Parker's motion for sanctions for spoliation is **ADOPTED**.

**SO ORDERED**.

February 24, 2017.

*(signature)*

**A. JOE FISH**
**Senior United States District Judge**